VILLAGE OF CHAGRIN FALLS,
APPELLEE, *v.* KATELANOS,
APPELLANT.

(No. 54282—Decided
October 11, 1988.)

*Joseph W. Diemert, Jr. & Assoc. Co., L.P.A.,* and *Joseph W. Diemert, Jr.,* for appellee.

*Robert Schultz* and *Kenneth L. McArtor,* for appellant.

MARKUS, J. Apparently pursuant to a plea bargain, the defendant, Peter Katelanos, pled no contest to driving with an excessive blood-alcohol content, and the prosecution dismissed charges of driving while intoxicated and driving left of center. The defendant appeals from the resulting conviction. His six assignments of error, set forth in an Appendix to this opinion, argue that the court (a) failed to inform him of the effect of his plea before accepting it, and (b) failed to obtain an explanation of the circumstances of the offense before finding him guilty.

We agree that the proceedings were defective, so we reverse the conviction, reinstate all the charges, and remand the cause for further proceedings.

## I

The challenged conviction is a first degree misdemeanor, for which the maximum potential penalty is six months' imprisonment. Chagrin Falls Codified Ordinances, Sections 333.01 (a)(2), 303.99 and 501.99. Consequently, the governing Traffic Rules classify it as a "petty offense." Traf. R. 2.

Before accepting a no contest plea for a "petty offense" misdemeanor, the court must inform the defendant of the effect of that plea. Traf. R. 10(D). At the very least, the court must advise the defendant about the effect of a no contest plea as set forth in Traf. R. 10(B)(2):

"The plea of no contest is not an admission of defendant's guilt, but is an admission of the truth of the facts alleged in the complaint and such plea or admission shall not be used against the defendant in any subsequent civil or criminal proceeding."

Some decisions would also require the traffic court to advise the defendant that a no contest plea waives his Fifth and Sixth Amendment constitutional rights. *Toledo* v. *Chiaverini* (1983), 11 Ohio App. 3d 43, 44, 11 OBR 76, 77-78, 463 N.E. 2d 56, 58; *State* v. *Rogers* (July 16, 1987), Cuyahoga App. Nos. 52259, 52260 and 52261, unreported; but, cf., *State* v. *Bowman* (Apr. 2, 1986), Hamilton App. No. C-850604, unreported.

In this case, the transcript of the plea proceedings reports that the defendant's counsel told the court that his client would plead no contest. Without saying anything to the defendant himself and without hearing the defendant say anything, the court then remarked: "Plea of no contest is entered. Pass the sentence to July 28th."

On July 28, 1987, a new counsel appeared with the defendant for the imposition of sentence. The court asked defendant's counsel whether he had attended a driving school for such offenders since the last hearing. Counsel responded that he had not, and the court then said:

"Well, the last time that they were here, he was apprised of the consequences of a prechange [*sic,* plea change], and I'll do it again in your presence, sir. This is a first degree misdemeanor and maximum penalty is six months and a thousand dollars, or both. He understands that? Do you understand what the maximum penalties are here?"

The defendant answered "Yes," but made no other statement at that hearing.

Thus, the transcript fails to demonstrate that the defendant entered a no contest plea, or that the court advised him about the effect of such a plea. The court's journal entries for those proceedings purport to supply the missing acts. The entry for the plea hearing states:

"The defendant present, with Attorney, withdrew his former plea of not guilty and after being fully apprised of the consequences of a change of plea entered a plea of no contest and was found guilty."

The entry for the sentencing hearing states:

"Thereupon Attorney Schultz reiterated that the defendant is ready for sentencing and after again being apprised of the consequences of the plea change, the defendant maintained his plea of no contest and was found guilty."

Absent a supporting record, we cannot presume that a defendant entered a no contest plea, or that the court first advised him of its effect. *Garfield Heights* v. *Brewer* (1984), 17 Ohio App. 3d 216, 217-218, 17 OBR 458, 460, 479 N.E. 2d 309, 312-313. Nor can the court's journal notations demonstrate the plea or the advice, in the face of a contrary transcript. Cf. *State* v. *Minor* (1979), 64 Ohio App. 2d

129, 131, 18 O.O. 3d 98, 100, 411 N.E. 2d 822, 824.

## II

Before relying upon a no contest plea to convict a defendant for any misdemeanor, the court must comply with R.C. 2937.07. See *Cuyahoga Falls v. Bowers* (1984), 9 Ohio St. 3d 148, 9 OBR 438, 459 N.E. 2d 532, syllabus. Pursuant to that statute, the court "shall call for explanation of circumstances of the offense from the affiant or complainant or his representatives" together with "any statement of [the] accused." The court must then "make [a] finding of guilty or not guilty from the explanation of [the] circumstances."

The record must show that the required explanation included a statement of facts which supports all the essential elements of the offense. *Cuyahoga Falls* v. *Bowers, supra,* at 150, 9 OBR at 440, 459 N.E. 2d at 535. The mere fact that the court's record includes documents which could show the defendant's guilt will not suffice. If the prosecution relies on such documents, the record must show that the court considered them. *Id.* at 151, 9 OBR at 440-441, 459 N.E. 2d at 535.

In this case, the transcript fails to demonstrate that the court called for the required explanation of circumstances, or considered such information before convicting the defendant. Hence, the conviction cannot stand.

We sustain the defendant's assignments of error and reverse his conviction. Since the improper conviction resulted from a defective plea, the defendant has not performed his part of the apparent plea bargain. Hence, we must vacate the court's action and reinstate all the original charges. Cf. *Ricketts* v. *Adamson* (1987), 483 U.S. 1, 9-10 (breach of a plea agreement by a defendant restores the parties to their original positions). With that action, we remand the case for further proceedings.

*Judgment reversed
and cause remanded.*

PRYATEL, C.J., and DYKE, J., concur.

## Appendix

## Assignments of Error

"I.   The trial court erred by not having a meaningful dialogue with the appellant before accepting his plea of 'no contest.'

"II.   The trial court erred in finding the appellant guilty of violating the ordinance prohibiting a blood alcohol content equal to or exceeding .10%.

"III.   The trial court erred in failing to advise the defendant-appellant of his rights pursuant to Traffic Rules 8 and 10.

"IV.   The trial court failed to advise the appellant, whether or not represented by counsel, of his constitutional and statutory rights pursuant to Criminal Rule 11(D) and (E) contrary to *State* v. *Kristanoff* [1972], 32 Ohio App. 2d 218; Ohio Revised Code Section 2937.02; Criminal Rule 5, Criminal Rule 11; *Cleveland* v. *Whipkey* [1972], 29 Ohio App. 2d 79; and *State* v. *Smith* [1977], 49 Ohio St. 2d 261.

"V.   The trial court took no explanation of circumstances of the offense charged in the complaint; it was, therefore, error to find appellant guilty.

"VI.   The record fails to demonstrate that the judgment of the trial court was not against the manifest weight of the evidence."