The STATE of Ohio, Appellee,

v.

FROST, Appellant.

[Cite as *State v. Frost* (1993), 86 Ohio App.3d 772.]

Court of Appeals of Ohio,
Fulton County.

No. 92FU000010.

Decided March 19, 1993.

*William Swigart,* Fulton County Prosecuting Attorney, and *Gary L. Poorman,* Assistant Prosecuting Attorney, for appellee.

*Mark L. Powers,* for appellant.

*Per Curiam.*

This case comes before the court on appeal from a judgment of the Fulton County Court of Common Pleas, wherein the probation of appellant, David E. Frost, was revoked and the balance of his original sentence was reinstated. Appellant had been convicted of burglary, an aggravated felony of the second

degree, and subsequently sentenced to a term of not less than five or more than fifteen years' incarceration. On August 9, 1991, after serving the requisite time, appellant was placed on probation pursuant to R.C. 2947.061(B). As a standard condition of his probation, appellant was not to violate "any federal, state, district, or municipal law." In addition, as a specific condition of his probation, appellant was not to "consume any alcohol or drugs, nor have any alcohol or drugs in his possession, and he [was] not [to] enter any taverns or bars where alcohol was dispensed by the glass as the primary commercial enterprise."

On November 21, 1991, the prosecution filed a motion for the revocation of appellant's probation, alleging that appellant had violated the conditions of his probation which were set forth above. The allegation was based on appellant's entering a plea of guilty to charges of resisting arrest and disorderly conduct (case No. 91CRB00367) in Western District Court, Wauseon, Ohio, two days earlier.

On December 10, 1991, the trial court held an initial hearing on the prosecution's motion. At that time, appellant expressly stated his desire to be represented by counsel in the matter, and indicated to the court that he would retain his own counsel for that purpose. However, at the close of the proceeding, the court set bond at $15,000 cash, no ten percent, and remanded appellant to custody pending posting of bond.

At the probable cause hearing on December 19, 1991, appellant was present without counsel. Appellant explained to the trial court that he was still seeking counsel, and that he had enlisted his mother to help him in that effort. When the court asked whether appellant wanted to go ahead with the probable cause hearing, or wait until he could be represented by counsel, appellant responded, "What do you mean by probable cause?" After the court's explanation, appellant responded, "Okay. Yes.", which the court construed as appellant's assent to go forward with the hearing without counsel being present. Subsequent to this exchange and after significant testimony had been given, appellant interrupted proceedings to request that his attorney be present before the hearing went any further. The trial court granted the request, but then allowed appellant to speak to the issue of probable cause without an admonition that his statement could be used against him. According to the court's judgment entry, appellant's statement formed the basis of the court's finding that probable cause existed as to the violation of the conditions of appellant's probation.

On January 8, 1992, the trial court held the adjudicatory hearing to determine whether appellant had in fact violated his probation. Once again he was present without counsel. Upon inquiry from the court, appellant expressed without equivocation his continued desire to be represented by counsel, and explained that he had written a letter, and that his mother had made an appointment with

an attorney in an attempt to obtain legal services. Nevertheless, the trial court, noting (erroneously) the length of time that had passed since the probable cause hearing and the absence of a motion for a continuance, determined that the adjudicatory hearing should proceed without appellant having the benefit of counsel. As a result, the court determined that appellant had violated the conditions of his probation, and reinstated his original term of incarceration.

Based upon the foregoing procedural aspects of this case, appellant asserts the following assignment of error:

"The trial court committed error by revoking the probation of defendant-appellant."

Crim.R. 32.3 governs the revocation of probation. Specifically, Crim.R. 32.3(B) and (D) are applicable to the facts presented in this case, and address appellant's assignment of error. Crim.R. 32.3(B) states in pertinent part:

"Where a defendant convicted of a serious offense is unable to obtain counsel, counsel *shall* be assigned to represent him, unless the defendant after being fully advised of his right to assigned counsel, knowingly, intelligently, and voluntarily waives his right to counsel." (Emphasis added.)

Crim.R. 32.3(D) then incorporates by reference the prescription for waiver of counsel found in Rule 44(C). Crim.R. 44(C) states:

"Waiver of counsel shall be in open court and the advice and waiver shall be recorded * * *. In addition, in serious offense cases the waiver shall be in writing."

It cannot be disputed that a conviction for burglary, with a corresponding sentence of not less than five or more than fifteen years of incarceration, is a serious offense. Consequently, the provisions set forth above are applicable to the hearings that were held in the present case.

At the time of the adjudicatory hearing, appellant was still unable to obtain counsel. Thus, according to Crim.R. 32.3(B), the trial court should have assigned counsel to represent appellant before proceeding with the hearing. By using the term "shall," Rule 32.3(B) does not give discretion to the court whether or not to assign counsel, nor does it leave that discretion to the defendant absent an express waiver of counsel. Rule 32.3(B) directs the assignment of counsel in cases where the defendant has been unable to retain counsel. The present case fits squarely within this rule.

At his initial appearance, appellant was advised that he had a right to court-appointed counsel if he could not afford his own counsel. Although, at that time, appellant opted to retain his own attorney, it is clear from the transcripts of the hearings that at no time did he "knowingly, intelligently, and voluntarily" waive

his right to counsel. Moreover, there is absolutely no contention that appellant executed a written waiver of his right to counsel. To the contrary, the transcripts are replete with appellant's statements evidencing his desire to have representation.

As the state argues in its brief on appeal, the trial court undoubtedly felt that appellant's efforts to retain counsel were insufficient, and, as such, constituted an implied waiver of counsel. In support of its position, the state relies on the cases of *State v. Hook* (1986), 33 Ohio App.3d 101, 514 N.E.2d 721, and *State v. Crebs* (1987), 42 Ohio App.3d 50, 536 N.E.2d 52. Both cases stand for the proposition that a waiver of counsel can be inferred from a defendant's lack of effective action in obtaining counsel.

This court would first note that the cited cases are not ones previously decided in this appellate court and, as such, provide only persuasive authority to our determination of the present case. Furthermore, without undertaking an exhaustive effort to distinguish cases, we find significant dissimilarities between the cases cited by the state and the present case which make the holdings in the former inapplicable to the latter. First, the criminal offense for which appellant was convicted is of a more serious nature than those involved in *Hook* and *Crebs*. As noted earlier, burglary, an aggravated felony of the second degree, is a serious offense for which Crim.R. 44(C) mandates that any waiver of counsel be in writing. Conversely, Hook's gambling offenses were felonies of the fourth degree, and Crebs' offenses were violations, albeit serious ones, of the Ohio Revised Code's motor vehicle provisions. Arguably, neither of these defendants would necessarily be afforded the additional protection of Rule 44(C)'s requirement that the waiver of counsel be in writing.

Second, Hook and Crebs had a longer period of time in which to obtain counsel before it was determined that they had waived that right—two and one-half months and thirty-three days respectively. In the present case, appellant's adjudicatory hearing took place twenty-nine days after his initial appearance in which he first expressed his desire to retain an attorney. Although the amount of time involved here is similar to that in *Crebs,* Crebs was unhindered in his ability to seek counsel, while appellant was hindered due to being incarcerated following his initial appearance. In addition, the courts in *Hook* and *Crebs* were of the opinion that the respective defendants were attempting to delay the proceedings by not taking effective action to obtain counsel. In the present case, there is no evidence to suggest that appellant was attempting to delay the hearings. Moreover, he would have had no motivation to do so. He was incarcerated with little chance of posting bond, and his only hope of gaining release was a favorable outcome in the adjudicatory hearing. Appellant's ability

to retain counsel would have been extremely beneficial to his chances of obtaining his release.

In light of the foregoing discussion, we find appellant's assignment of error well taken. The trial court failed to follow the directive of Crim.R. 32.3(B) and assign an attorney to represent appellant when he was unable to obtain one, and, thereafter, proceeded with the revocation hearing without appellant's having benefit of counsel. There is no evidence in the record that appellant either explicitly or implicitly waived his right to counsel. In fact, the evidence is strongly to the contrary. Therefore, the judgment of the Fulton County Court of Common Pleas revoking appellant's probation is reversed, and the case is remanded to that court for a new hearing in which appellant shall be represented by counsel, unless he "knowingly, intelligently, and voluntarily" waives that right. Court costs assessed to appellee.

*Judgment reversed*
*and cause remanded.*

GLASSER, P.J., HANDWORK and MELVIN L. RESNICK, JJ., concur.