OPINION
Defendant-appellant, Sharon M. Cox, appeals her conviction in the Madison County Municipal Court for criminal trespassing and the revocation of her probation.
In 1998, appellant was placed on probation following convictions for attempted theft, drug paraphernalia, and disorderly conduct. On December 27, 2000, appellant solicited sex at a parking lot of a Speedway truck stop in Madison County and was arrested on a charge of criminal trespassing. Appellant entered a plea of no contest.
The trial court found appellant to be guilty and further determined that by being convicted of a jailable offense, appellant had violated the terms of her probation. The trial court then reinstated the suspended one hundred seventy days of jail time from appellant's prior cases for which she was on probation. Appellant appeals, raising two assignments of error for our review:
Assignment of Error No. 1:
 THE COURT ERRED BY FINDING THE DEFENDANT GUILTY OF VIOLATING 2911.21(A)(3) WITHOUT MAKING AN EXPLANATION OF THE CIRCUMSTANCES ON THE RECORD.
Appellant asserts that the trial court failed to make the explanation of circumstances required by R.C. 2937.07 when finding appellant guilty of the charge of criminal trespassing. Appellant further argues that "there is no indication from the record as to what if any notice defendant received from Speedway in order to sustain a conviction under 2911.21(A)(3)."
The Supreme Court of Ohio has held that a no contest plea cannot be the basis for a finding of guilty without an explanation of circumstances.Cuyahoga Falls v. Bowers (1984), 9 Ohio St.3d 148, 150. This explanation of circumstances, which is required by R.C. 2937.07, must contain sufficient information to support all the essential elements of the offense. State v. Gilbo (1994), 96 Ohio App.3d 332, 337. The explanation of circumstances does not mandate that sworn testimony be taken but only contemplates some explanation of the facts surrounding the offense to ensure that the trial court does not make a finding of guilty in a perfunctory fashion. See Bowers at 151.
A trial court judge or prosecutor may rely upon a law enforcement officer's affidavit or notes in setting forth an explanation of circumstances, even where such officer does not testify before the court. State v. Herman (1971), 31 Ohio App.2d 134, 140. However, the fact that the record includes documents that could demonstrate an accused's guilt is not sufficient; the record must show that the court relied upon such documents when rendering its determination of guilt.Village of Chagrin Falls v. Katelanos (1988), 54 Ohio App.3d 157, 159.
Under R.C. 2911.21(A)(3) criminal trespassing is defined as:
 (A) No person, without privilege to do so, shall do any of the following:
 (3) Recklessly enter or remain on the land or premises of another, as to which notice against unauthorized access or presence is given by actual communication to the offender, or in a manner prescribed by law, or by posting in a manner reasonably calculated to come to the attention of potential intruders, or by fencing or other enclosure manifestly designed to restrict access[.]
In this case, the investigating officer was the complainant, and his sworn statement is a part of the record. In this statement, the officer reported, among other things, that "THE DEFENDANT WAS READ HER CONSTITUTIONAL RIGHTS AND DID SIGN A WAIVER AGREEING TO TALK ABOUT THE INCIDENT. DURING THE CONVERSATION THE DEFENDANT DID ADMIT TO SOLICITING PROSTITUTION WHILE AT THE SPEEDWAY LOT." The officer did not testify before the trial court, however.
After appellant pled no contest, the trial court judge discussed the circumstances surrounding the criminal trespassing charge with appellant. It is apparent from the record that the trial court judge consulted the officer's statement. In addition to other statements, the trial court judge said:
 Well, according to the officer's statement, hereupon stopping the vehicle, Mr. Depo, who was driving the vehicle, gave a statement that while parked on the lot at Speedway, the defendant ran up to his truck, got inside and offered him sex for $50. He stated he chickened out on the deal and called it off. The defendant requested Depo to take the truck or to leave the truck lot at Wendy's or to go to the truck lot at Wendy's. Depo also reported that the defendant told him * * * to tell the Sheriff that he was giving her a ride to Columbus.
Before the trial court, appellant maintained that she had only asked for a ride and had not solicited sex. The trial court concluded, "Based upon the statements of the defendant and the statement of the officer investigating who charged the defendant, the Court will find the defendant guilty as charged."
In his discussion of the case, the trial court judge did not specifically mention facts that demonstrated the notice element of criminal trespassing under R.C. 2911.21(A)(3). However, the investigating officer's statement states, among other things, the following: "THE DEFENDANT IS NOT A TRUCK DRIVER, AND DID NOT CONDUCT ANY BUSINESS WITH SPEEDWAY, THE LOT BEING POSTED NOT [sic] TRESPASSING AGAINST SUCH UNAUTHORIZED ACCESS * * *."
All of the elements of criminal trespassing were contained in the investigating officer's affidavit, which was considered by the trial court judge in his determination of appellant's guilt. Although the trial court judge did not read the officer's report into the record, the trial court judge explicitly stated that its finding of guilt was based in part upon this document. Moreover, the trial court judge engaged in a dialogue with appellant regarding the circumstances of the offense, and it is clear that the judge continued to consult the officer's report throughout this conversation. Therefore, we find that the trial court complied with the statutory requirement of providing an explanation of circumstances that included all of the elements of the offense. The first assignment of error is overruled.
Assignment of Error No. 2:
THE COURT VIOLATED CRIMINAL RULE 32.3.
 In her second assignment of error, appellant maintains that the trial court failed to follow mandates provided by Crim.R. 32.3 in revoking her probation and violated her due process rights. Specifically, appellant insists that a preliminary hearing should have been held prior to the revocation of probation and that she was entitled to receive written notice of the alleged violation before this hearing. Appellant also states that the trial court erred by failing to provide for a presentation of the evidence against her during which she could confront adverse witnesses. Finally, appellant argues that the trial court erred by failing to advise appellant that she was entitled to legal representation at the revocation hearing.
A defendant whose probation may be revoked as a result a probation violation is entitled to the protections of due process. State v. Weaver
(2001), 141 Ohio App.3d 512, 516, citing Gargon v. Scarpelli (1973),411 U.S. 778, 786, 93 S.Ct. 1756, 1761-1762. This includes a preliminary hearing at which the defendant is to be notified of the alleged probation violation. Id. For the final revocation hearing, due process mandates that a probationer receive written notice of the alleged violations, disclosure of the evidence against her, an opportunity to be heard and to present evidence, and the right to confront adverse witnesses. Id. Several courts have held that a preliminary hearing and a final revocation hearing can be combined if there is no prejudice to the defendant. Weaver at 516. In such cases, there was no preliminary hearing but only a final revocation hearing. Id. No prejudice to the defendant was found in cases where a defendant received written notice that disclosed the alleged probation violation and stated that a hearing would be held on the issue of the alleged violation and the propriety of revocation. Id.
In this case, the trial court judge found appellant guilty of criminal trespassing and then immediately determined that appellant had violated the terms of her probation. The hearing began immediately and without proper notice to appellant. Appellant was not afforded an opportunity to prepare her own defense or to present evidence.
Moreover, a criminal defendant also has a right to counsel at any hearing to determine whether she has violated a condition of probation.State v. Tranter (Mar. 26, 2001), Clermont App. No. CA2000-05-035, unreported, at 4, citing Crim.R. 32(B); State v. Frost (1993),86 Ohio App.3d 772, 775. Although appellant was asked whether she wanted legal counsel to represent her at the hearing regarding the criminal trespass charge, she was not asked whether she wanted to be represented at her probation revocation hearing. The trial court should have again informed appellant that she had a right to legal counsel before beginning the probation revocation hearing.
We find that the due process protections provided under Ohio law were not followed at the probation revocation hearing. Therefore, the second assignment of error is sustained.
Appellant's conviction for criminal trespassing is affirmed. However, the revocation of appellant's probation is reversed, and the case is remanded to the trial court to conduct a hearing in compliance with Crim.R. 32.3 and the case law discussed above.
Judgment affirmed in part, reversed in part and remanded for further proceedings.
YOUNG, P.J., and WALSH, J., concur.