OPINION
Defendant, David Mazzone, appeals from his conviction and sentence for driving under the influence of alcohol and failure to maintain an assured clear distance ahead.
On August 12, 2000, Defendant was driving his pickup truck southbound on Woodman Drive. When the stoplight at the intersection of Woodbine Avenue and Woodman Drive turned yellow, the vehicle in front of Defendant's stopped for the light. Defendant's vehicle failed to stop, however, and struck the rear of the other vehicle. When police officers arrived on the scene of the accident they noticed that Defendant had an odor of alcohol on his breath and his speech was slurred. Defendant subsequently failed all three field sobriety tests police administered to him, whereupon he was taken into custody., Defendant was charged in Dayton Municipal Court with driving under the influence of alcohol, Section 71.12(A) of the Revised Code General Ordinances of Dayton, Ohio (RCGO), and failure to maintain an assured clear distance ahead, Section 71.50 of the RCGO. Subsequently, the driving under the influence charge was amended to charge a violation of R.C. 4511.19(A)(1). Defendant then entered a no contest plea to that R.C. 4511.19(A)(1) charge, and the assured clear distance violation under RCGO Section 71.50. For its explanation of the circumstances, the City of Dayton submitted to the trial court for its review in determining Defendant's guilt or innocence, two reports from the Dayton Police Department: the DUI report and the accident report.
The trial court found Defendant guilty on both offenses. On the DUI charge, the court sentenced Defendant to ninety days in jail but suspended eighty days and placed Defendant on supervised probation for one year. The court also suspended Defendant's driver's license for one year, and fined him three hundred fifty dollars plus court costs. On the assured clear distance violation, the court fined Defendant twenty-five dollars., Defendant has timely appealed to this court from his conviction and sentence. The trial court suspended execution of Defendant's sentence pending this appeal.
 FIRST ASSIGNMENT OF ERROR THE EVIDENCE IN THE CASE BELOW DID NOT SUPPORT THE TRIAL COURT'S GUILTY VERDICT.
Defendant argues that the City of Dayton failed to present legally sufficient evidence to support his conviction for driving under the influence of alcohol., Defendant entered a plea of no contest to the DUI charge. In discussing the effect of a no contest plea, the Court of Appeals in State v. Wood (1996), 112 Ohio App.3d 621, 626, observed:
 "The plea of no contest constitutes an admission, not of guilt, but of the truth of the facts alleged in the * * * complaint. Crim.R. 11(B)(2). In order to obtain a conviction of a defendant who has pled no contest, the state must offer an explanation of the circumstances to support the charge. This explanation is sufficient if it supports all the essential elements of the offense. Chagrin Falls v. Katelanos (1988), 54 Ohio App.3d 157, 159, 561 N.E.2d 992, 994." (Emphasis added.) State v. Freeman (Nov. 22, 1995), Cuyahoga App. No. 68320, unreported, at 7-8, 1995 WL 693110.
Accord: R.C. 2937.07.
A defendant who pleads no contest has a substantive right to be acquitted where the State's explanation of the facts and circumstances fails to establish all of the elements of the offense. Wood, supra; Statev. Gilbo (1994), 96 Ohio App.3d 332; Cuyahoga Falls v. Bowers (1984),9 Ohio St.3d 148. Documentary evidence may suffice as an explanation of the circumstances supporting the charge, provided the record demonstrates that the trial court actually considered that evidence in determining Defendant's guilt or innocence. Cuyahoga Falls v. Bowers, supra; ChagrinFalls v. Katelanos (1988), 54 Ohio App.3d 157.
Here, the trial court indicated that it was entering a guilty verdict on both charges based upon the reports submitted by the prosecutor. This clearly indicates that the court considered that documentary evidence in determining Defendant's guilt or innocence.
The documentary evidence submitted to the trial court demonstrates that Defendant had an odor of alcohol on his breath, that his speech was slurred, that he failed the three field sobriety tests police administered to him, that he admitted he had been drinking and taking allergy medications, and that Defendant's vehicle struck the rear of the vehicle in front of him that had stopped for a traffic light.
We conclude that this evidence was sufficient to establish all of the elements of operating a motor vehicle while under the influence of alcohol in violation of R.C. 4511.19(A)(1).
The assignment of error is overruled. The judgment of the trial court will be affirmed.
BROGAN, J. and YOUNG, J., concur.