DECISION AND JUDGMENT ENTRY
This appeal comes to us from a judgment of conviction and imposition of sentence issued by the Lucas County Court of Common Pleas following appellant's no contest plea to attempted grand theft. Because we conclude that the trial court committed no reversible errors, we affirm.
On November 18, 1999, appellant, Mustafa A. Muhammad, was indicted by the Lucas County Grand Jury on one count of grand theft in violation of R.C. 2913.02(A)(3) and (B). The charge stemmed from an incident in April 1996, in which appellant cashed a check for $7,500 at the Jeep Federal Credit Union. The check was returned to the bank because the account on which it was drawn was closed. In a letter to the bank, appellant acknowledged his "greed," and attempted to pay back the money. When he stopped paying, the credit union filled out a criminal complaint in October 1996.
No further action was taken until October 1, 1999, when appellant was arrested on three outstanding warrants, including one for the bad check. On November 18, 1999, appellant was indicted on one count of grand theft, in violation of R.C. 2913.02(A)(3) and (B). On July 24, 2000, pursuant to a plea agreement, appellant pled no contest to a reduced charge of attempted grand theft, and admitted the following facts as presented by the state. On April 3, 1996, appellant took a check, written for $7,500 on an account from MH Construction Engineers, to the Jeep Federal Credit Union and cashed it, knowing that the check was written on a "bogus" account from the State Savings Bank of Columbus, Ohio. Thereafter, appellant was in contact with the Credit Union, acknowledging the "situation" and began to make restitution in 1997, but stopped before repaying the whole amount. Based upon this statement, the trial court found appellant guilty and ultimately sentenced him to a term of incarceration for one and one half years and ordered him to pay court costs and restitution.
Appellant now appeals from that judgment, setting forth the following four assignments of error:
"Assignment of Error No. 1
 "APPELLANT WAS DENIED HIS RIGHT TO A SPEEDY TRIAL AND EFFECTIVE ASSISTANCE OF COUNSEL AS GUARANTEED BY THE SIXTH AND FOURTEENTH AMENDMENTS OF THE CONSTITUTION OF THE UNITED STATES.
"Assignment of Error No. 2
 "APPELLANT WAS DENIED HIS RIGHT TO DUE PROCESS AS GUARANTEED BY THE FOURTH AMENDMENT OF THE CONSTITUTION OF THE UNITED STATED WHEN THE STATE FAILED TO EXERCISE DUE DILIGENCE IN NOTIFYING HIM OF PENDING CRIMINAL CHARGES DESPITE THE FACT THAT THE STATE HELD APPELLANTS [SIC] CORRECT ADDRESS AND NEITHER THE SUMMONS NOR THE CAPIAS WERE SERVED BEFORE OVER 40 MONTHS HAD ELAPSED.
"Assignment of Error No. 3
 "GOVERNMENT FAILED TO PROVE THAT APPELLANT'S ACTIONS WERE DECEPTIVE OR COMMITTED KNOWINGLY AND INTENTIONALLY WITH THE INTENT TO COMMIT A CRIME AS CHARGED IN OHIO REVISED CODE § 2913.02.
"Assignment of Error No. 4
 "THE TRIAL COURT COMMITTED REVERSIBLE ERROR AND ABUSED ITS DISCRETION BY SENTENCING APPELLANT TO THE MAXIMUM TERM OF IMPRISONMENT WITHOUT ANY APPARENT JUSTIFICATION FOR SUCH IMPOSITION."
 I.
We will address appellant's first two assignments of error together. Appellant argues that he was denied effective assistance of counsel because trial counsel failed to move to dismiss based upon a violation of appellant's speedy trial rights. Appellant essentially claims that the delay between the filing of the complaint in 1996 and appellant's arrest and indictment in 1999 warranted the filing of such a motion. We disagree.
In order to prove ineffective assistance of counsel, an appellant must show 1) that defense counsel's representation fell below an objective standard of reasonableness, and 2) that counsel's deficient representation was prejudicial to defendant's case. State v. Bradley
(1989), 42 Ohio St.3d 136, paragraph two of the syllabus, citingStrickland v. Washington (1984), 466 U.S. 668, 694. A reviewing court must indulge in a strong presumption that counsel's conduct falls within a wide range of reasonable professional assistance and that judicial scrutiny of counsel's performance must be highly deferential. Bradley,supra, at 142.
When an accused has been the subject of an "official accusation," prejudice may be presumed from certain delays and the Sixth Amendment Constitutional guarantees of a speedy trial apply. See Barker v. Wingo
(1972), 407 U.S. 514. The speedy trial provision found in theSixth Amendment to the United States Constitution does not apply, however, to pre-indictment delays. United States v. Marion (1971), 404 U.S. 307, 317. Further, the speedy trial guarantee of Section 10, Article 1 of the Ohio Constitution does not apply to such pre-indictment delays. State v.Luck (1984), 15 Ohio St.3d 150, 153.
Nevertheless, even where no "official accusation" has occurred, the state's delay in seeking an indictment for alleged criminal conduct may violate an accused's right to due process of law under Section 16, Article I of the Ohio Constitution and the Fifth andFourteenth Amendments to the United States Constitution. State v. Flickinger (Jan. 19, 1999), Athens App. No. 98CA09, unreported, at fn 1. See, also, Statev. Luck, supra, at paragraph two of the syllabus.
In order to succeed on a claim of due process violation, the defendant must first show he suffered actual, substantial prejudice because of the delay. United States v. Lovasco, (1977), 431 U.S. 783, 790; State v.Whiting (1998), 84 Ohio St.3d 215, 217. Upon a such showing, the burden then shifts to the state to prove the reasons for the delay were justifiable and outweigh the prejudice suffered by the defendant.Whiting, supra, at 217.
In this case, appellant argues that his counsel was ineffective because he failed to file a motion to dismiss based upon a claim of speedy trial violations. Appellant maintains that his constitutional right to a speedy trial was violated because of the lapse of time between the date of the offense and the original complaint, and the date of the indictment. Nothing in the record shows when the original complaint was actually filed or that it was ever served upon appellant. Therefore, based upon the evidence in the record, the first time appellant was subjected to any "official action" was in October 1999 when he was served and arrested upon three separate charges, including the grand theft charge. Appellant apparently carried on his life completely ignorant of and unaffected by any pending charges. Further, there is nothing to indicate that appellant was unable to defend his case due to the delay. Consequently, appellant has failed to establish any actual prejudice to his case due to the lapse of time between the commission of the offense and the indictment. Therefore, since a motion to dismiss based upon speedy trial grounds was unwarranted, appellant has not established any deficiency in his counsel's failure to file such a motion.
Accordingly, appellant's first and second assignments of error are not well-taken.
 II.
Appellant, in his third assignment of error, contends that the state failed to prove the essential elements of the offense of grand theft.
Defendant entered a plea of no contest to the grand theft charge. A no contest plea
 "`constitutes an admission, not of guilt, but of the truth of the facts alleged in the * * * complaint. Crim.R. 11(B)(2). In order to obtain a conviction of a defendant who has pled no contest, the state must offer an explanation of the circumstances to support the charge. This explanation is sufficient if it supports all the essential elements of the offense. [Citations omitted].'" State v. Wood (1996), 112 Ohio App.3d 621, 626.
See, also, R.C. 2937.07. Documentary evidence may suffice as an explanation of the circumstances supporting the charge, provided the record demonstrates that the trial court actually considered that evidence in determining an accused's guilt or innocence. Cuyahoga Fallsv. Bowers (1984), 9 Ohio St.3d 148, 150-151; Chagrin Falls v. Katelanos
(1988), 54 Ohio App.3d 157, 159.
R.C. 2913.02(A)(3) provides that "[n]o person with purpose to deprive the owner of property or services, shall knowingly obtain or exert control over either * * * by deception." R.C. 2913.02(B) provides that if the value of the property is between $5,000 and $100,000, the offense is "grand theft." R.C. 2923.02(A), the attempt statute, provides that no person, "purposely or knowingly, and when purpose or knowledge is sufficient culpability for the commission of an offense, shall engage in conduct which, if successful, would constitute or result in the offense."
In the present case, the record reveals that appellant admitted the facts as alleged by the state. We conclude that the state presented facts which were sufficient to establish the elements of the offense of attempted grand theft. Therefore, the court's finding of guilt was proper.
Accordingly, appellant's third assignment of error is not well-taken.
 III.
Appellant, in his fourth assignment of error, argues that the trial court erred in imposing a sentence of eighteen months incarceration.
Appellant's crime was committed in April 1996. For crimes committed prior to July 1996, sentencing determinations are left to the sound discretion of the trial court and will not be disturbed on appeal where the sentence is within the statutory parameters. Toledo v. Reasonover
(1965), 5 Ohio St.2d 22, 24; Columbus v. Jones (1987), 39 Ohio App.3d 87,88. An abuse of discretion is more than an error of law or judgment and implies that the court's attitude is unreasonable, arbitrary, or unconscionable. State v. Adams (1980), 62 Ohio St.2d 151, 157.
The offense of grand theft is a third degree felony. R.C. 2913.02(B). An attempt to commit an offense, "is an offense of the next lesser degree than the offense attempted." R.C. 2923.02(E). Therefore, appellant, found guilty of attempted grand theft, was convicted of a felony of the fourth degree. No physical harm occurred to anyone during the cashing of the check and nothing in the record indicates that appellant had ever been convicted of a violent offense. Thus, the applicable sentencing statute, R.C. 2929.11(D), provided that a court "shall" impose a term of imprisonment of six months, one year, or eighteen months as to a defendant convicted of a fourth degree felony in which no physical harm occurred or was threatened and who had not previously been convicted of a violent offense.
In this case, appellant, who had been convicted of several prior theft offenses,[1] was sentenced to eighteen months, a term permitted within the applicable statutory limits. Therefore, we cannot say that the trial court abused its discretion in imposing sentence upon appellant.
Accordingly, appellant's fourth assignment of error is not well-taken.
The judgment of the Lucas County Court of Common Pleas is affirmed. Court costs of this appeal are assessed to appellant.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Melvin L. Resnick, J., James R. Sherck, J., JUDGES CONCUR.
[1] Although from 1967 through 1991, appellant had been previously charged with various other offenses, including several violent crimes, many of those charges were either dismissed or indicated "no disposition."