OPINION
{¶ 1} Defendant-appellant Charles Scott Mowery appeals from the January 22, 2002, Judgment Entry of the Ashland County Court of Common Pleas finding that defendant-appellant had violated the terms and conditions of his community control sanctions. Plaintiff-appellee is the State of Ohio.
 STATEMENT OF THE FACTS AND CASE {¶ 2} On March 7, 2000, the Ashland County Grand Jury indicted appellant on one count each of theft in violation of R.C. 2913.02(A)(3) and passing bad checks in violation 2913.11(A), both felonies of the fifth degree. At his arraignment on May 9, 2000, appellant entered a plea of not guilty to the charges contained in the indictment.
 {¶ 3} Thereafter, on July 7, 2000, appellant changed his not guilty plea and entered a plea of guilty to the charge of passing bad checks. The remaining charge was dismissed at the request of the State. As memorialized in a Judgment Entry filed on August 30, 2000, appellant was placed on community control for a period of three years under specified terms and conditions. As part of his community control, appellant was ordered to serve thirty (30) days in jail, to maintain full time employment, to complete 160 hours of community service, and to obey all federal, state and local laws and ordinances.
 {¶ 4} On August 9, 2001, appellant's probation officer filed a complaint with the trial court alleging that appellant had violated the terms and conditions of his community control by, among other matters, failing to maintain full time employment and to complete his community service. A hearing was scheduled for August 20, 2001, for the purpose of setting an appropriate bond. At the August 20, 2001, bond hearing, appellant, who appeared without counsel, responded as follows when asked by the trial court whether he intended to hire counsel to represent him: "Yes sir, I was without a job, and I've just got things straightened out that I will be able to do that, yes." Transcript of August 20, 2001, hearing at 2. The trial court, after reading the community control complaint to appellant, set the matter for a hearing on November 19, 2001, and informed appellant that "it's your obligation to retain and have counsel with you at that time." Transcript of August 20, 2001, hearing at 5. Appellant was then released on a personal recognizance bond.
 {¶ 5} After neither appellant nor counsel on his behalf appeared at the community control violation hearing on November 19, 2001, a bench warrant was issued for appellant's arrest. After appellant was arrested, he appeared before the trial court again on January 7, 2002. The following is an excerpt from the January 7, 2002, hearing:
 {¶ 6} "Mr. Mowery, as stated, is present, and the court is prepared at this time to proceed on the alleged community control violations.
 {¶ 7} "Mr. Mowery, the fact that you do not have counsel here present would indicate to the court that you've attempted to hire counsel and have been unable to do so; is that correct?
 {¶ 8} "THE DEFENDANT: Yes, I had hired for my last case, but after that, without a job, going to get one, had a good possibility, but have no money to obtain a lawyer at this time. Joseph Kearns was hired for the Mansfield case.
 {¶ 9} "THE COURT: Well, Mr. Mowery the court did indicate in pretty clear terms it was your obligation to have counsel here present. You recall that, don't you?
 {¶ 10} "THE DEFENDANT: Yes, sir.
 {¶ 11} "THE COURT: Is the state prepared to proceed?
 {¶ 12} "MR. TUNNELL: The state is prepared to proceed, Your Honor." Transcript of January 7, 2002, hearing at 3. The community control violation hearing was then held. At the conclusion of the hearing, the trial court found that appellant had violated the terms and conditions of his community control. Pursuant to a Judgment Entry filed on January 22, 2002, the trial court sentenced appellant to six months in prison for the offense of passing bad checks.
 {¶ 13} It is from the trial court's January 22, 2002, Judgment Entry that appellant now appeals, raising the following assignment of error:
 {¶ 14} "THE FAILURE OF THE TRIAL COURT TO INFORM AN ACCUSED OF HIS RIGHT TO COURT-APPOINTED COUNSEL, AND THE TRIAL COURT'S REFUSAL TO APPOINT COURT-APPOINTED COUNSEL TO AN INDIGENT SUBJECT TO REVOCATION OF PREVIOUSLY IMPOSED COMMUNITY CONTROL SANCTIONS VIOLATES THE ACCUSED'S MINIMUM DUE PROCESS RIGHT TO COUNSEL."
 I {¶ 15} Appellant, in his sole assignment of error, argues that the trial court violated appellant's due process rights by failing to inform appellant of his right to court-appointed counsel and by refusing to appoint counsel for appellant for the purposes of the community control violation hearing.
 {¶ 16} Crim.R. 32.3 states, in relevant part, as follows:
 {¶ 17} "(A) Hearing
 {¶ 18} "The court shall not impose a prison term for violation of the conditions of a community control sanction or revoke probation except after a hearing at which the defendant shall be present and apprised of the grounds on which action is proposed. The defendant may be admitted to bail pending hearing.
 {¶ 19} "(B) Counsel
 {¶ 20} "The defendant shall have the right to be represented by retained counsel and shall be so advised. Where a defendant convicted of a serious offense is unable to obtain counsel, counsel shall be assigned to represent the defendant, unless the defendant after being fully advised of his or her right to assigned counsel, knowingly, intelligently, and voluntarily waives the right to counsel. Where a defendant convicted of a petty offense is unable to obtain counsel, the court may assign counsel to represent the defendant."
 {¶ 21} Crim.R. 32.3(D) then incorporates by reference the prescription for waiver of counsel found in Rule 44(C). Crim.R. 44(C) states: "Waiver of counsel shall be in open court and the advice and waiver shall be recorded * * *. In addition, in serious offense cases the waiver shall be in writing."
 {¶ 22} A petty offense is defined in Crim.R. 2(D) as "a misdemeanor other than a serious offense." Crim.R. 2(C) defines "serious offense" as "any felony and any misdemeanor for which the penalty prescribed by law includes confinement for more than six months." Since appellant was convicted of a felony of the fifth degree, appellant was convicted of a serious offense.
 {¶ 23} As is stated above, appellant, at his initial appearance before the trial court on August 20, 2001, indicated to the trial court that he intended to retain counsel to represent him in the community control violations proceedings. The trial court, at such hearing, stated, in relevant part, as follows:
 {¶ 24} "Having set this matter for hearing on November the 19th at 10:30, we need to instruct you, Mr. Mowery, that it's your obligation to retain and have counsel with you at that time.
 {¶ 25} "The court is also instructing you that when you do retain and hire private counsel, that that counsel's office is to notify the court of their involvement in this case so that we can plan accordingly." Transcript of August 20, 2001, hearing at 5. The trial court, at such hearing, never advised appellant of his right to retain counsel and that if he was unable to afford his own counsel, counsel would be appointed on his behalf.
 {¶ 26} When appellant appeared before the trial court again on January 7, 2002, following his arrest on a bench warrant, appellant was unrepresented by counsel. When the trial court questioned appellant, appellant indicated that he had "no money to obtain a lawyer at this time.." Transcript of January 7, 2002, hearing at 3. The trial court then proceeded with the community control violation hearing.
 {¶ 27} Our review of the transcript of the January 7, 2002, hearing reveals that appellant was not represented by counsel at such hearing and that the trial court failed to advise defendant of his right to counsel as required by Crim.R. 32.3(B). Specifically, the trial court never advised appellant of his right to retain counsel and that, if he could not afford the same, he had a right to court-appointed counsel. Since the trial court, in this matter, failed to advise appellant of his right to counsel prior to proceeding with the community control violation hearing, we find that appellant was denied due process of law. Id. According to Crim.R. 32.3(B), the trial court, should have assigned counsel to represent appellant before proceeding with the community control violation hearing since appellant was unable to obtain the same as of the time of the hearing. See State v. Frost (1993),86 Ohio App.3d 772, 621 N.E.2d 1259. "By using the terms `shall,' Rule 32.3(B) does not give discretion to the court whether or not to assign counsel, nor does it leave that discretion to the defendant absent an express waiver of counsel. Rule 32.3(B) directs the assignment of counsel in cases where the defendant has been unable to retain counsel." Id. at 775.
 {¶ 28} While appellee contends that appellant "impliedly" waived his right to counsel since, as a career criminal, he was aware of his right to the same, we do not concur. As noted by appellant, since he was never advised of his right to counsel, appellant could not have knowingly, intelligently and voluntarily waived the same. Furthermore, a waiver of counsel must affirmatively appear in the record. State v. Dyer
(1996), 117 Ohio App.3d 92, 95, 689 N.E.2d 1034. In the case sub judice, there is nothing on the record indicating that appellant, either implicitedly or explicitedly, waived counsel. Rather, throughout the proceedings on January 7, 2002, appellant advised the trial court that, because he was unemployed, he was unable to hire an attorney to represent him. Appellant also indicated that he desired the assistance of counsel.
 {¶ 29} Appellant's sole assignment of error is, therefore, sustained.
 {¶ 30} Accordingly, the judgment of the Ashland County Court of Common Pleas is reversed and this matter is remanded to the trial court for further proceedings.
By Edwards, J., Hoffman, P.J. and Wise, J. concurs.
Topic: Right to Court Appointed Counsel