OPINION
{¶ 1} On August 24, 2003, appellant, Vincent Senires, was charged with one count of disorderly conduct in violation of R.C.2917.11(B)(2).
 {¶ 2} On October 14, 2003, appellant pled no contest. By judgment entry filed same date, the trial court found appellant guilty and fined him $250.00 plus court costs.
 {¶ 3} Appellant filed an appeal and this matter is now before this court for consideration. Assignment of error is as follows:
 I {¶ 4} "The trial court erred in finding the appellant guilty upon the entry of a no contest plea when the facts alleged in the complaint do not constitue the offense charged."
 I {¶ 5} Appellant claims the facts in the complaint do not constitute the offense of disorderly conduct. We disagree.
 {¶ 6} Appellant was charged with disorderly conduct in violation of R.C. 2917.11(B)(2) which states as follows:
 {¶ 7} "(B) No person, while voluntarily intoxicated shall do either of the following:
 {¶ 8} "(2) Engage in conduct or create a condition which presents a risk of physical harm to himself or another, or to the property of another."
 {¶ 9} The criminal complaint filed on September 5, 2003 alleged appellant did, "while voluntarily intoxicated, engage in conduct or create a condition that presents a risk of physical harm to the offender or another, or to property of another."
 {¶ 10} The complaint set forth the following specific facts:
 {¶ 11} "The defendant Vincent J. Senires did recklessly; while voluntary intoxicated, conduct himself in persistent disorderly manner. At the listed incident location, Vincent did repeatedly yell fuck you, you ugly nigger, suck my cock you ass hole. Vincent continued yelling the said abusive language outside in front of numerous subjects after deputies repeatedly requested him to discontinue his said turbulent behavior."
 {¶ 12} Appellant pled no contest and was found guilty. He now argues the facts in the complaint do not give rise to a conviction for disorderly conduct.
 {¶ 13} "The plea of no contest is not an admission of defendant's guilt, but is an admission of the truth of the facts alleged in the * * * complaint." Crim.R. 11(B)(2). In order to find a defendant guilty upon a no contest plea, the state must explain the circumstances supporting the charge. "This explanation is sufficient if it supports all the essential elements of the offense." Chagrin Falls v. Katelanos (1988),54 Ohio App.3d 157, 159.
 {¶ 14} The transcript of appellant's no contest plea has not been filed sub judice. "When portions of the transcript necessary for resolution of assigned errors are omitted from the record, the reviewing court has nothing to pass upon and thus, as to those assigned errors, the court has no choice but to presume the validity of the lower court's proceedings, and affirm." Knapp v.Edwards Laboratories (1980), 61 Ohio St.2d 197, 199. Without a transcript, we presume the state set forth an explanation of the circumstances supporting the charge to the satisfaction of the trial court.
 {¶ 15} The sole assignment of error is denied.
 {¶ 16} The judgment of the Municipal Court of Delaware County, Ohio is hereby affirmed.
Farmer, J., Hoffman, P.J. and Boggins, J. concur.