OPINION
{¶ 1} Kurtis Wallace appeals from his convictions in the Dayton Municipal Court of one count of violating a protection order, one count of falsification and one count of telephone harassment pursuant to his no contest pleas. After Wallace was sentenced, he perfected this appeal.
 {¶ 2} In his first assignment, Wallace contends the trial court erred in finding him guilty without receiving an "explanation of the circumstances of the offenses" as required by R.C. 2937.07. At the time Wallace entered his no contest pleas, the State offered, and the court admitted into evidence, copies of Dayton police reports concerning the three offenses.
 {¶ 3} Wallace pled no contest to one count of falsification. The prosecutor provided the court with a copy of the Dayton police report of September 20, 2004. In the narrative, Officer Creiger Coleman stated he was contacted by the defendant on October 1, 2004, who stated that his wife, Paula, had come to his place of employment and assaulted him. Subsequent investigation by the police revealed that his wife could not have been at his place of employment at the time he claimed. Also, the investigation revealed that the defendant had come to his wife's place of employment and assaulted her on that date. R.C. 2921.13 provides in part that "no one shall knowingly make a false statement with purpose to incriminate another." The facts contained in the police report support the trial court's finding that Wallace committed the crime of falsification pursuant to his no contest plea.
 {¶ 4} The police reports also supported Wallace's convictions on the violation of a protection order and the telephone harassment charge. In the narrative report provided *Page 3 
by Officer Jason Baines, he stated that he was dispatched to Paula Wallace's home on September 30, 2004. Barnes said Ms. Wallace told him she had a civil protection order against her husband Kurtis and he was calling her constantly that day and had threatened to kill her. On October 11, 2004, police responded to Ms. Wallace's home on a report her husband Kurtis was constantly calling her at her place of employment. Officer Patrick Chance testified he overheard one of the calls made by the defendant. Ms. Wallace produced a copy of the protection order which prohibited such telephone harassment by the defendant. (See offense report dated October 11, 2004.) R.C. 2919.27 provides that no one shall recklessly violate the terms of a protection order issued pursuant to R.C. 2903.213 or R.C. 2903.214. R.C. 2917.21(B) provides that no one shall make a telecommunication with purpose to abuse, threaten, or harass another person.
 {¶ 5} If a court relies upon an "explanation of the circumstances" from documentary evidence to support the guilty verdict, the record must reflect this reliance. Chagrin Falls v. Katelanos (1988),54 Ohio App.3d 157. The trial court found the defendant guilty only after it reviewed the police offense reports marked as an exhibit and made part of this appellate record. We agree with the trial court that these reports support the defendant's guilt on his no-contest pleas. The first assignment of error is Overruled.
 {¶ 6} In his second assignment, Wallace contends the trial court erred when it accepted his no contest pleas without first informing him of the effect of his no contest pleas. The following occurred in open court:
 {¶ 7} "THE COURT: Okay. Is that what you want to do Mr. Wallace?
 {¶ 8} "THE DEFENDANT: Yeah that's fine. *Page 4 
 {¶ 9} "THE COURT: Okay. Now you don't have to do that, you do have a right to have a trial. You have a right to have your uh witnesses present. You have a right to cross examine all the witnesses against you through your attorney. In the event of a trial you have a right to take the stand yourself or be sworn. You can testify and tell me your side of the story or not say anything because the prosecutor has the burden of proof in the matter and that is beyond a reasonable doubt sir. You can go to jail on each one of these cases up to six months and pay up to $1,000 fine sir. You understand that?
 {¶ 10} "THE DEFENDANT: Yeah.
 {¶ 11} "THE COURT: Uh you have a right to have a trial by jury in this case and he's pleading no contest?
 {¶ 12} "THE STATE: Yes.
 {¶ 13} "THE COURT: Okay. On a no contest plea, you're saying that I'm not fighting the allegations in the complaint sir. You understand?
 {¶ 14} "THE DEFENDANT: Yeah.
 {¶ 15} "THE COURT: Uh you want to plead no contest?
 {¶ 16} "THE DEFENDANT: Yes.
 {¶ 17} "THE COURT: Okay. Anything you want to say sir?
 {¶ 18} "THE DEFENDANT: No."
 {¶ 19} (See March 16, 2005, Tr. 3-4.)
 {¶ 20} Wallace contends that the trial court did not specifically inform him of the "effect" of his pleas as required by Crim.R. 11(B) and 11(E). Specifically, he says he was not advised that his no-contest pleas were not admissions of his guilt and that these pleas shall not be used against him in any subsequent civil or criminal proceeding. Crim.R. *Page 5 
11(E) provides, "[i]n misdemeanor cases involving petty offenses the court may refuse to accept a plea of guilty or no contest, and shall not accept such pleas without first informing the defendant of the effect of the plea of guilty, no contest, and not guilty." Specifically, the court must advise the Appellant in this case that:
 {¶ 21} "The plea of no contest is not an admission of the defendant's guilt, but is an admission of the truth of the facts alleged in the indictment, information, or complaint, and the plea or admission shall not be used against the defendant in any subsequent civil or criminal proceeding." (Crim.R. 11(B)(2)).
 {¶ 22} Prior to entering his no-contest pleas, Wallace signed a written form in which he acknowledged that he had received an explanation and understood that his no-contest pleas were an admission of the facts in the criminal complaints but were not an admission of guilt, and that such pleas could not be used against him in any future civil or criminal proceedings. Wallace also specifically acknowledged that he understood that by entering his no-contest pleas he was not "fighting the allegations in the complaint." The second assignment of error is without merit.
 {¶ 23} Judgment of the trial court is Affirmed.
GRADY and WALTERS, JJ., concur.
(Hon. Sumner E. Walters, retired from the Third Appellate District, sitting by assignment of the Chief Justice of the Supreme Court of Ohio) *Page 1