[Cite as *Cleveland v. Blue Spruce Entities, L.L.C.*, 2011-Ohio-1932.]

# Court of Appeals of Ohio

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

---

### JOURNAL ENTRY AND OPINION
### No. 95218

---

## CITY OF CLEVELAND

### PLAINTIFF-APPELLEE

### vs.

## BLUE SPRUCE ENTITIES, LLC

### DEFENDANT-APPELLANT

---

## JUDGMENT:
## AFFIRMED

---

Criminal Appeal from the
Cleveland Municipal Court
Case Nos. CV-2009-CRB-034163 and 2009-CRB-034181

**BEFORE:** Sweeney, J., Boyle, P.J., and Celebrezze, J.

**RELEASED AND JOURNALIZED:** April 21, 2011

**ATTORNEY FOR APPELLANT**

Edgar H. Boles, Esq.
Moriarty & Jaros, P.L.L.
30000 Chagrin Blvd., Suite 200
Pepper Pike, Ohio 44124-5721


**ATTORNEYS FOR APPELLEE**

Robert J. Triozzi, Esq.
Director of Law
City of Cleveland
By:   Karyn J. Lynn, Esq.
Assistant Director of Law
601 Lakeside Avenue, Room 106
Cleveland, Ohio 44114


JAMES J. SWEENEY, J.:

{¶ 1}   Defendant-appellant Blue Spruce Entities,   LLC ("defendant") appeals the sentences imposed upon it by the Cleveland Municipal Court following its two misdemeanor convictions for violating Cleveland Codified Ordinances ("C.C.O.")  367.12(c).   The Municipal Court sentenced Blue Spruce to the maximum fine of $5,000.00 on each count, for a total of $10,000.00.[1]   For the reasons that follow, we affirm.

---

[1]See  R.C.  2929.31(A)(8);  R.C.  2901.23;  C.C.O.  367.12;  C.C.O.  601.10;  and C.C.O.                                                                601.99(c)(3).

{¶ 2} The city of Cleveland ("City") cited defendant with violating C.C.O. 367.12(c) with respect to its sale or transfer of two different properties. Defendant pled no contest to the violations. In addition, an individual from Neighborhood Progress Inc. addressed the court stating his opinions and concerns about defendant's alleged course of conduct with respect to the purchase and sale of multiple properties in the Cleveland area. The court ordered a presentence investigation report, and defendant submitted its proposed mitigating factors in a bench brief. The trial court issued an order imposing sentence in which the court exhaustively detailed the rationale of its decision. In this appeal, defendant sets forth two assignments of error for our consideration.

{¶ 3} "I. Whether the trial court erred by imposing organizational penalties for a violation of C.C.O. §367.12(c) as that ordinance fails to recite a purpose to impose enhanced penalties for organizations as required by O.R.C. §2901.23(A)(2)[.]"

{¶ 4} Defendant maintains that the municipal court was prohibited from imposing organization penalties under R.C. 2901.23 because C.C.O. 367.12 does not expressly provide for it. However, that is only one of four different scenarios under which organizational penalties may be invoked. R.C. 2901.23(A)(1)–(4). The language of C.C.O. 601.10 mirrors that of R.C. 2901.23.

**{¶ 5}** R.C. 2901.23(A) provides that an organization may be convicted of an offense under any one of the four circumstances set forth in subparagraphs (1) through (4), including where "the offense consists of an omission to discharge a specific duty imposed by law on the organization." See R.C. 2901.23(A)(3).

**{¶ 6}** C.C.O. 367.12(c) provides:

**{¶ 7}** "No person, agent, firm or *corporation* shall enter into a contract for the sale of a one, two, three or four unit dwelling building or structure, as defined in Section 363.04, without furnishing to the purchaser a Certificate of Disclosure addressing the condition of the property, which Certificate shall be in a form prescribed by the Director of Building and Housing. No real estate agent, escrow agent or seller shall sell or transfer a one, two, three or four unit dwelling building or structure without furnishing to the purchaser information required by the Certificate of Disclosure described above. If the purchaser does not receive any portion of the Certificate of Disclosure to be completed by the City prior to sale, the purchaser may rescind the purchase contract for the sale of the property prior to the sale of the property." (Emphasis added.)

**{¶ 8}** Defendant was found guilty of failing to furnish the Certificate of Disclosure, which was a specific duty imposed by the above-quoted law. This omission triggered the application of organizational liability.

{¶ 9} More significantly, however, R.C. 2901.23(B), as well as C.C.O. 601.10(b), actually provide: "[w]hen strict liability is imposed for the commission of an offense, a purpose to impose organizational liability *shall be presumed*, unless the contrary plainly appears." (Emphasis added.) Because defendant's violations were for strict liability offenses, a purpose to impose organizational liability is presumed absent plain language to the contrary. There is nothing in the applicable ordinance that would plainly indicate an intention not to permit the imposition of organizational liabilities with enhanced penalties.

{¶ 10} Accordingly, the first assignment of error is overruled.

{¶ 11} "II. The trial court erred as it abused its discretion in sentencing Defendant-Appellant Blue Spruce Entities, LLC for 2 violations of C.C.O. §367.12(c)"

{¶ 12} Essentially defendant maintains that the trial court erred by imposing maximum sentences upon it based on its belief that the trial court failed to consider mandatory factors contained in R.C. 2929.22 and offered reasons not listed in that statute.

{¶ 13} R.C. 2929.21(A) sets forth the overriding purposes that govern misdemeanor sentencing as being "to protect the public from future crime by the offender and others and to punish the offender. To achieve those purposes, the sentencing court shall consider the impact of the offense upon

the victim and the need for changing the offender's behavior, rehabilitating the offender, and making restitution to the victim of the offense, the public, or the victim and the public."

{¶ 14} "A sentence imposed for a misdemeanor * * * shall be reasonably calculated to achieve the two overriding purposes of misdemeanor sentencing * * *, commensurate with and not demeaning to the seriousness of the offender's conduct and its impact upon the victim, and consistent with sentences imposed for similar offenses committed by similar offenders." R.C. 2929.21(B).

{¶ 15} "Trial courts enjoy broad discretion in imposing sentences for misdemeanors." (Internal citations omitted.) *State v. Moore*, Cuyahoga App. No. 94446, 2011-Ohio-454, ¶14. We cannot reverse the trial court's sentence absent an abuse of discretion. Id. To merit reversal, the sentence imposed by the trial court must be unreasonable, arbitrary, or unconscionable. Id.

{¶ 16} In this case, the court imposed sentences that were within the statutory range. Further, the court included in its order that the sentence was imposed "in light of the purposes of misdemeanor sentencing expressed in R.C. 2929.21(A)."[2]

---

[2]Although it also expressed a collateral intent to deter other companies, the court clearly expressed the purpose of its sentence was "to deter Defendant from failing to comply with [the City ordinance] * * *."

**{¶ 17}** Defendant maintains that the trial court did not consider the R.C. 2929.22(B) factors and also did not consider factors in mitigation. R.C. 2929.22(B) provides:

**{¶ 18}** "In determining the appropriate sentence for a misdemeanor, the court shall consider all of the following factors:

**{¶ 19}** "(a) The nature and circumstances of the offense or offenses;

**{¶ 20}** "(b) Whether the circumstances regarding the offender and the offense or offenses indicate that the offender has a history of persistent criminal activity and that the offender's character and condition reveal a substantial risk that the offender will commit another offense;

**{¶ 21}** "(c) Whether the circumstances regarding the offender and the offense or offenses indicate that the offender's history, character, and condition reveal a substantial risk that the offender will be a danger to others and that the offender's conduct has been characterized by a pattern of repetitive, compulsive, or aggressive behavior with heedless indifference to the consequences;

**{¶ 22}** "(d) Whether the victim's youth, age, disability, or other factor made the victim particularly vulnerable to the offense or made the impact of the offense more serious;

**{¶ 23}** "(e) Whether the offender is likely to commit future crimes in general, in addition to the circumstances described in divisions (B)(1)(b) and (c) of this section."

**{¶ 24}** Defendant objects on appeal to the fact that an individual from Neighborhood Progress, Inc. was allowed to address the court regarding his opinions on sentencing. This individual identified himself as being associated with a company that had been investing in the inner city neighborhoods of Cleveland for two decades to renovate homes and improve the community. We note defendant made no objection in the court below, nor did it raise any concerns about the testimony of this witness during the hearing or in its bench brief. Further, defendant submitted its bench brief, which the court clearly considered as many of the points asserted by it were referenced in the court's order. The court is also to consider statements from the victim, the defendant, the defense attorney, and the prosecutor regarding the sentence. R.C. 2929.22(D). The subject testimony reasonably constitutes a statement by a victim and was made in accordance with R.C. 2929.22(D).

**{¶ 25}** It is well settled that "where the sentences are within statutory limits, an appellate court should accord the trial court the presumption that it considered the statutory mitigating criteria in the absence of an affirmative showing that it failed to do so." *State v. Crouse* (1987), 39 Ohio App.3d 18,

528 N.E.2d 1283; see, also, *State v. Dalton,* Cuyahoga App. No. 85636, 2005-Ohio-4585, ¶23. The trial court's refusal to accept defendant's statement that it would no longer do business in Cleveland was not unreasonable. Further, although defendant alleges to be a small company with $125,000 in equity, there is no evidence from which we could conclude that defendant was or is unable to pay the imposed fines. There is nothing in the record to suggest that the trial court failed to consider the requisite factors of the law. Further, the record does not support defendant's contention that its sentence was based on an application of unauthorized criteria. Although the court imposed maximum sentences in this case, it was not an abuse of its discretion to do so based on its findings in the record.

Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

JAMES J. SWEENEY, JUDGE

MARY J. BOYLE, P.J., and
FRANK D. CELEBREZZE, JR., J., CONCUR