[Cite as *Cleveland v. Go Invest Wisely, L.L.C.*, 2011-Ohio-3410.]

# Court of Appeals of Ohio

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

---

### JOURNAL ENTRY AND OPINION
### Nos. 95189, 95190, 95191, 95192, 95193, 95194, 95195, 95196, 95197, 95198, 95199, 95200, 95201, 95202, 95203, 95204, 95205, 95206

---

## CITY OF CLEVELAND

PLAINTIFF-APPELLEE

vs.

## GO INVEST WISELY, L.L.C.

DEFENDANT-APPELLANT

---

### JUDGMENT:
### AFFIRMED

---

Criminal Appeal from the
Cleveland Municipal Court
Case Nos. 2009-CRB-36523, 2009-CRB-34164, 2009-CRB-34168,
2009-CRB-34169, 2009-CRB-34170, 2009-CRB-34186, 2009-CRB-34187,
2009-CRB-34188, 2009-CRB- 34189, 2009-CRB-34190, 2009-CRB-34191,
2009-CRB-34192, 2009-CRB-36524, 2009-CRB-36525, 2009-CRB-36526,
2009-CRB-36527, 2010-CRB-05483, 2010-CRB-05495

**BEFORE:** Sweeney, J., Blackmon, P.J., and Stewart, J.

**RELEASED AND JOURNALIZED:**     July 7, 2011

**ATTORNEY FOR APPELLANT**

James J. Costello, Esq.
Powers, Friedman, Linn, P.L.L.
23240 Chagrin Blvd., Suite 180
Cleveland, Ohio 44122


**ATTORNEY FOR APPELLEE**

Karyn J. Lynn, Esq.
Assistant Director of Law
City of Cleveland
601 Lakeside Avenue, Room 106
Cleveland, Ohio 44114


JAMES J. SWEENEY, J.:

{¶ 1} Defendant-appellant Go Invest Wisely, LLC ("GIW") appeals its no contest pleas and accompanying fines for 18 violations of Cleveland Codified Ordinances ("C.C.O.") 367.12(c). After reviewing the facts of the case and pertinent law, we affirm.

{¶ 2} On March 23, 2010, GIW pled no contest to 18 violations of C.C.O. 367.12(c), which requires a party selling real property to furnish the purchaser with a certificate of disclosure. On April 29, 2010, the court imposed the maximum organizational penalty of $5,000 for each violation, for a total fine of $90,000. GIW appeals and raises four assignments of error for our review. The first assignment of error states as follows:

**{¶ 3}** "I. The trial court erred in finding Go Invest Wisely guilty without an explanation of circumstances after its pleas of no contest."

**{¶ 4}** Former R.C. 2937.07[1] states in pertinent part that a "plea to a misdemeanor offense of 'no contest' * * * shall constitute a stipulation that the judge or magistrate may make a finding of guilty or not guilty from the explanation of the circumstances of the offense." See, also, *City of Cuyahoga Falls v. Bowers* (1984), 9 Ohio St.3d 148, 150, 459 N.E.2d 532.

**{¶ 5}** This court discussed compliance with R.C. 2937.07 in *Chagrin Falls v. Katelanos* (1988), 54 Ohio App.3d 157, 159, 561 N.E.2d 992. "The record must show that the required explanation included a statement of facts which supports all the essential elements of the offense. The mere fact that the court's record includes documents which could show the defendant's guilt will not suffice. If the prosecution relies on such documents, the record must show that the court considered them." (Internal citations omitted.)

**{¶ 6}** C.C.O. 367.12 states in part:

**{¶ 7}** "(c) No person, agent, firm or corporation shall enter into a contract for the sale of a one, two, three or four unit dwelling building or structure, as defined in Section 363.04, without furnishing to the purchaser a Certificate of Disclosure addressing the condition of the property, which Certificate shall be in a form prescribed by the Director of Building and

---

[1] R.C. 2937.07 was amended effective September 17, 2010; however, this opinion discusses the former version of the statute that was in effect prior to the amendments.

Housing. No real estate agent, escrow agent or seller shall sell or transfer a one, two, three or four unit dwelling building or structure without furnishing to the purchaser information required by the Certificate of Disclosure described above. If the purchaser does not receive any portion of the Certificate of Disclosure to be completed by the City prior to sale, the purchaser may rescind the purchase contract for the sale of the property prior to the sale of the property.

{¶ 8} "(d) A request for a Certificate of Disclosure shall be accompanied by a nonrefundable fee of sixty dollars ($60.00)."

{¶ 9} In the instant case, the court explained the following at the plea hearing:

{¶ 10} "These are all Certificate of Disclosure cases where the defendant has allegedly not filed with the City the Certificate of Disclosure which I understand is two parts. One, there is a requirement that any property that transfers in the City of Cleveland there is a Certificate of Disclosure, which is a $60.00 payment to the City. And then secondarily, the City then enters whether there are code violations or the property is condemned, is that correct?"

{¶ 11} The City replied, "Yes, that's correct, your Honor."

{¶ 12} The complaints for each of the 18 violations allege the date GIW sold a specific property without complying with C.C.O. 367.12. Attached to each complaint is the property transfer history from the Cuyahoga County Auditor's Office, the deed associated with the sale, and a legal description of the property.

{¶ 13} C.C.O. 367.12 is a strict liability ordinance, which means that to be found guilty of this offense, it must be shown that the party engaged in the course of conduct prohibited by the ordinance; the party's degree of culpability is irrelevant. See R.C. 2901.21(A) and (B); *State v. Collins*, 89 Ohio St.3d 524, 2000-Ohio-231, 733 N.E.2d 1118. In other words, a violation occurs when the seller of real property fails to furnish the purchaser with the proper certificate of disclosure. In the instant case, the terse explanation of circumstances suffices, because GIW failed to furnish any type of certificate of disclosure, whether proper or not, which constitutes a violation of C.C.O. 367.12(c).

{¶ 14} Accordingly, GIW's first assignment of error is overruled.

{¶ 15} In GIW's second assignment of error, it argues as follows:

{¶ 16} "II. The trial court erred in finding Go Invest Wisely guilty of a violation of Section 367.12(c) of the Cleveland Municipal Codified Ordinance[s]."

{¶ 17} Specifically, GIW argues that, as a limited liability company ("LLC"), it could not be found guilty under C.C.O. 367.12(c), which "only applies to persons, agents, firms or corporations."

{¶ 18} The word "person," in addition to the obvious reference to a human being, has a legal definition: an entity "* * * that is recognized by law as the subject of rights and duties." Merriam-Webster's Collegiate Dictionary (11 Ed. 2006) 924. R.C. 1705.01(K) includes an LLC within the definition of "person." GIW is a foreign LLC, organized in Utah, a state that

also includes an LLC within the definition of "person."  Utah Code Ann. 1953 Section 68-3-12.5(16)(g).

{¶ 19} Additionally, the second sentence of C.C.O. 367.12(c) mandates that a "real estate agent, escrow agent or *seller*" of a property furnish the purchaser with "information required by the Certificate of Disclosure * * *."  (Emphasis added.)  The unambiguous, plain meaning of the word "seller" is "one who sells," and there simply is no plausible argument that GIW was not a "seller" in the case at hand.  Cf. *City of Cleveland v. Blue Spruce Entities, LLC*, Cuyahoga App. No. 95218, 2011-Ohio-1932 (finding that an LLC was an "organization" that could be subject to criminal liability, including organizational penalties, under R.C. 2901.23 for violating C.C.O. 367.12(c) when it failed to furnish a certificate of disclosure with respect to the sale or transfer of real property).

{¶ 20} Accordingly, GIW is subject to liability under C.C.O. 367.12(c) either as a legal person or as a seller, and GIW's second assignment of error is overruled.

{¶ 21} GIW's third assignment of error states the following:

{¶ 22} "III.   The trial court erred in failing to comply with R.C. 2951.03."

{¶ 23} R.C. 2951.03 governs presentence investigation reports ("PSI"), and it states in part that if a court considers a PSI before sentencing a defendant, it must permit the defendant to read and respond to the PSI.   R.C. 2951.03(B)(5) provides that if a defendant's response to a PSI alleges factual inaccuracies, the court shall "[m]ake a finding as to the allegation," or

"[m]ake a determination that no finding is necessary with respect to the allegation, because the factual matter will not be taken into account in the sentencing of the defendant."

{¶ 24} In the instant case, the court ordered a PSI and GIW filed a response, alleging the following factual inaccuracies: 1) the PSI indicated that housing violation notices had been issued for seven of the 18 properties; however, according to GIW, the City previously represented that violation notices had been issued for only one of the 18 properties; 2) the PSI indicated that GIW failed to provide the financial information requested by the Court; however, GIW provided its 2008 federal tax returns; 3) the PSI was "inaccurate in its depiction" of the profit GIW made from selling the 18 properties; and 4) the PSI contained "factual inaccuracies relating to [GIW's] impact on the community."

{¶ 25} On April 29, 2010, the court issued a sentencing order, which included six single-spaced pages of reasoning behind its decision to impose the maximum $5,000 fine per violation. The court referenced the PSI, and GIW's arguments in response to the PSI, in determining the appropriateness of this sentence.

{¶ 26} In the sentencing order, the court concluded that seven of the 18 properties had outstanding housing violation notices. The court specifically stated that it based this conclusion on the PSI. However, the court imposed the same fine for all 18 offenses, regardless of actual harm. The court stated, "The goal of the mandatory procedure set forth in C.C.O. 367.12(c) is to limit the quick, casual, and irresponsible sale of condemned and

neglected property in the City of Cleveland." The court further reasoned that "the law punishes a seller who fails to comply with disclosure requirements even if the failure to disclose did not result in a particular buyer failing to receive a notice of violations," and the court expressly stated that the maximum fine was appropriate in all 18 cases. Therefore, the court complied with R.C. 2951.03(B)(5) as to GIW's first allegation.

{¶ 27} As to GIW's second allegation of factual inaccuracy, the court stated that GIW's "tax returns show that it is in the business of buying and selling real estate and has assets of over $7 million." The court made no other reference to the financial information provided by GIW. As the City points out on appeal, although the court did not use the "magic words" found in R.C. 2951.03(B)(5), nothing suggests that the court penalized GIW for the financial information it provided.

{¶ 28} As to GIW's third allegation, we find no factual inaccuracy in the PSI regarding GIW's profit in selling the 18 properties. The PSI indicated that GIW purchased the properties for a combined $37,500 and sold them for a total of $71,900, with a gross profit of $34,400. GIW's response does not dispute this; rather, it suggests that the court should also "take into account the costs of buying, holding and selling property," such as GIW's spending "more than a thousand dollars on each property to market and try to sell it."

{¶ 29} Notwithstanding that there was nothing inaccurate in the PSI regarding GIW's profit, the court extensively analyzed GIW's suggestion that the net, rather than gross, profit

should be analyzed, ultimately rejecting GIW's position. "The Court does not conclude that Defendant's business costs, or business losses, are a mitigating factor. So long as this Defendant and other speculators expect that they may be able to profit from the practice of quick casual sales of property without making an effort to comply with City procedures for disclosure or repair of defects, they will continue to do so — to the great detriment of the citizens of the City of Cleveland. Criminal fines are intended to deter such conduct. The Court also cannot help but express its dismay that Defendant would spend $1000 per house trying to sell houses it bought for about $2000 each. Defendant's choice to spend that money on advertising and not repair hardly supports mitigation of fines."

{¶ 30} As to GIW's final allegation of factual inaccuracy in the PSI, we find that the court complied with R.C. 2951.03(B)(5). GIW takes issue with "the email from Ecodream"; however, the PSI does not refer to an email from Ecodream, and GIW does not explain this discrepancy. GIW alleges that the PSI "makes no mention of the positive impacts" it had on the community. Although this is not an inaccuracy as envisioned by R.C. 2951.03(B)(5), the court exhaustively analyzed GIW's "attempts to portray itself as having had a positive impact on Cleveland neighborhoods," and found no mitigating factors.

{¶ 31} Accordingly, we find that the court thoroughly considered the PSI and GIW's response, including allegations of factual inaccuracies, in imposing the maximum fine of

$5,000 for each violation, thus complying with R.C. 2951.03. GIW's third assignment of error is overruled.

{¶ 32} GIW's fourth and final assignment of error states as follows:

{¶ 33} IV. "The trial court erred in sentencing Go Invest Wisely to fines that were excessive, disproportionate, and contrary to law."

{¶ 34} Pursuant to C.C.O. 367.99(c), "[w]hoever violates Section 367.12 * * * shall be guilty of a misdemeanor of the first degree." In the instant case, the court imposed a $5,000 fine against GIW for each of the 18 violations of C.C.O. 367.12, which is the maximum penalty for an organization convicted of a first degree misdemeanor under C.C.O. 601.10 and 601.99(c).

{¶ 35} GIW argues that the court abused its discretion by not considering the statutory guidelines for misdemeanor sentencing set forth in R.C. 2929.22.

{¶ 36} R.C. 2929.21(A) states that the purposes of misdemeanor sentencing "are to protect the public from future crime by the offender and others and to punish the offender." When sentencing a misdemeanor offender, the court "shall consider the impact of the offense upon the victim and the need for changing the offender's behavior, rehabilitating the offender, and making restitution to the victim of the offense, the public, or the victim and the public." Id.

**{¶ 37}** R.C. 2929.22(B) states that, taking into consideration these overriding purposes, a misdemeanor sentence shall be "commensurate with and not demeaning to the seriousness of the offender's conduct and its impact upon the victim, and consistent with sentences imposed for similar offenses committed by similar offenders."

**{¶ 38}** Furthermore, R.C. 2929.22(B) lists factors that the court must consider in determining the appropriate sentence for a misdemeanor[2]:

**{¶ 39}** "(a) The nature and circumstances of the offense or offenses;

**{¶ 40}** "(b) Whether the circumstances regarding the offender and the offense or offenses indicate that the offender has a history of persistent criminal activity and that the offender's character and condition reveal a substantial risk that the offender will commit another offense;

**{¶ 41}** "(c) Whether the circumstances regarding the offender and the offense or offenses indicate that the offender's history, character, and condition reveal a substantial risk that the offender will be a danger to others and that the offender's conduct has been characterized by a pattern of repetitive, compulsive, or aggressive behavior with heedless indifference to the consequences;

**{¶ 42}** "* * *

---

[2] See, also, C.C.O. 601.13 (governing the court's "considerations for imposing penalties" for misdemeanor offenses).

**{¶ 43}** "(e) Whether the offender is likely to commit future crimes in general, in addition to the circumstances described in divisions (B)(1)(b) and (c) of this section."

**{¶ 44}** When a misdemeanor sentence is within the statutory limits, there is a presumption on appeal that the court considered the criteria in R.C. 2929.21 and 2929.22. See *State v. Dalton*, Cuyahoga App. No. 85636, 2005-Ohio-4585, ¶23.

**{¶ 45}** In its sentencing order, the court found that GIW made no effort to comply with C.C.O. 367.12 and violated other ordinances by failing to correct housing violations or submitting repair plans to the City. The court opined that the public was harmed by GIW "buying neglected property — with no intention of repairing or improving it — and selling it soon after to another investor, potentially another speculator that would only transfer it again." Additionally, property buyers were harmed when they made uninformed decisions because of sellers' failure to disclose violations. The court also noted that the City was harmed because the ordinance helped ensure the enforcement of violation notices against the proper parties.

**{¶ 46}** The court found that "the sheer number of sales made by [GIW] without the requisite Certificate justifies a higher sentence even without a consideration of the circumstances of the sales." The court found that imposing penalties will deter GIW and other similar sellers from "the irresponsible practice of selling property without complying with the disclosure requirements."

**{¶ 47}** The court concluded that GIW showed no mitigating circumstances, "such as repairs it made to the properties."   Additionally, GIW was previously convicted and sentenced "for its extended non-compliance with notices of violation" within the City, as well as failure to obey court ordered community control sanctions.   Furthermore, City taxpayers paid to demolish three houses that GIW owned but failed to demolish or repair.   The court noted that, in general, the condition of neglected houses worsens over time, and GIW contributed to this cause and effect.   "[GIW] was a neglectful neighbor who left vacant houses unrepaired — each vacant house a nuisance for every Cleveland family in that neighborhood."

**{¶ 48}** The court also opined that GIW's neglect was the company's regular business practice "and is the standard business practice for the nationwide industry. * * * The Court hopes that the imposition of $90,000 in fines will constitute more than a mere cost of doing business for [GIW]; the Court's goal is to deter [GIW] from continuing its illegal business practices in Cleveland or anywhere."

**{¶ 49}** The court took into consideration the City's recommendation of a $75 fine per offense, but found it inappropriate under the circumstances. $75 is the reduced fine for an individual, non-corporate defendant found guilty of a minor misdemeanor.   GIW is a corporate defendant, the offense is a first degree misdemeanor, and the court found substantially more aggravating than mitigating factors.   The court also reasoned that a $75 penalty was insufficient to deter property buyers from avoiding the $60 filing fee.

{¶ 50} The court concluded its order sentencing GIW to $90,000 in penalties with the following: "The Court imposes this sentence — in light of the purposes of misdemeanor sentencing expressed in R.C. 2929.21(A) — both to deter [GIW] from further failing to comply with C.C.O. 367.12 and to deter other companies and individuals from buying and selling property in Cleveland without making needed repairs or — at the very least — complying in every respect with the City's requirements for disclosing the existence of defects."

{¶ 51} We find that the court carefully considered the statutory guidelines for misdemeanor sentencing. We are aware that a $90,000 fine for violating a municipal ordinance in the process of a $37,500 business transaction constitutes a significant penalty. However, "[a]bsent an abuse of discretion on the part of the trial court, a court of appeals may not substitute its judgment for" the trial court's decision. *Pons v. Ohio State Med. Bd.* (1993), 66 Ohio St.3d 619, 621, 614 N.E.2d 748. An abuse of discretion is "not merely an error of judgment, but perversity of will, passion, prejudice, partiality, or moral delinquency." Id. Accordingly, we cannot say that the court abused its discretion in sentencing GIW and its final assignment of error is overruled.

Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the Cleveland Municipal Court to carry this judgment into execution. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

JAMES J. SWEENEY, JUDGE

PATRICIA ANN BLACKMON, P.J., CONCURS;
MELODY J. STEWART, J., DISSENTS. (SEE ATTACHED DISSENTING OPINION)

MELODY J. STEWART, J., DISSENTING:

{¶ 52} I respectfully dissent from the decision reached by the majority and would sustain appellant's first assigned error. I do not find that the trial court set forth an explanation of the circumstance of the offense required for a finding of guilt.

{¶ 53} At the hearing, the city did not recount on the record the circumstances of the offenses. And as the majority points out, this court has addressed compliance with R.C. 2937.07 in *Chagrin Falls v. Katelanos* (1988), 54 Ohio App.3d 157, 561 N.E.2d 992, and the trial court's explanation in the instant case does not state "facts which would support[ ] all the essential elements of the offense." Id. at 159. Cleveland Codified Ordinances 367.12 prohibits GIW from entering into a contract for the sale of a certain type of property "without furnishing to the purchaser a Certificate of Disclosure * * *." Further, the ordinance prohibits the sale or

transfer of certain property "without furnishing to the purchaser information required by the Certificate of Disclosure * * *." A plain reading of the ordinance shows that in both instances, GIW had an obligation to furnish to purchasers a certificate of disclosure and/or information required by the certificate. Nothing in the trial court's explanation sets forth any facts demonstrating that GIW failed to furnish to purchasers the requisite information. The trial court's explanation speaks in terms of GIW's alleged failure to file with the city a certificate of disclosure. The ordinance does not have such a requirement. Because GIW pleaded no contest to the charges, it stipulated that the trial court could make a finding of guilt if it explained that GIW's actions, or its failure to act, supported all of the essential elements of the offense. The court's explanation does not demonstrate that GIW violated the ordinance. Because the court failed to obtain or set forth an explanation of the

{¶ 54} circumstances surrounding the offense sufficient to support a finding of guilt, I would vacate the conviction.