[Cite as *Cleveland v. Deutsche Bank Natl. Trust Co.*, 2014-Ohio-1948.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 99944**

## CITY OF CLEVELAND

PLAINTIFF-APPELLEE

vs.

## DEUTSCHE BANK NATIONAL TRUST COMPANY

DEFENDANT-APPELLANT

**JUDGMENT:**
VACATED AND REMANDED

Criminal Appeal from the
Cleveland Municipal Court
Case No. 2012 CRB 24120

**BEFORE:** Blackmon, J., Boyle, A.J., and Keough, J.

**RELEASED AND JOURNALIZED:** May 8, 2014

**ATTORNEYS FOR APPELLANT**

Philip S. Kushner
Christian J. Grostic
Michael R. Hamed
Kushner & Hamed Company, L.P.A.
1375 East 9th Street, Suite 1930
Cleveland, OH 44114

Elizabeth A. Frohlich
Morgan, Lewis & Bockius, L.L.P.
One Market, Spear Street Tower
San Francisco, CA 94105

Allyson N. Ho
Morgan, Lewis & Bockius, L.L.P.
1717 Main Street, Suite 3200
Dallas, TX 75201


**ATTORNEYS FOR APPELLEE**

Barbara A. Langhenry
Cleveland Law Director

By:   William H. Armstrong, Jr.
Assistant Director of Law
Room 106-City Hall
601 Lakeside Avenue
Cleveland, OH 44114


PATRICIA ANN BLACKMON, J.:

**{¶1}** Appellant Deutsche Bank National Trust Company ("DBNTC") appeals the imposition of criminal violations and subsequent fine and assigns the following three errors for our review:

> I. The housing court committed reversible error by sentencing an entity that was not the defendant charged in the case and that did not enter the plea on record.

> II. The housing court committed reversible error by entering a finding of guilty on a no contest plea without receiving any explanation of the facts or circumstances upon which to enter a finding of guilty or not guilty, as required by R.C. 2937.07, and without explaining the effect of the Trustee's no contest plea, as required by Criminal Rule 11(E).

> III. At sentencing, the housing court committed reversible error by imposing a fine that was more than three times the maximum permitted by law; entering a finding of guilty to three separate misdemeanors rather than one; and threatening additional punishment not permitted by law.

**{¶2}** Having reviewed the record and pertinent law, we vacate the trial court's judgment and remand for further proceedings consistent with this opinion. The apposite facts follow.

## Facts

**{¶3}** DBNTC acts as a trustee for hundreds of residential mortgage-backed trusts. Each trust has different beneficiaries. DBNTC, as Trustee for Long Beach Mortgage Loan Trust 2003-1, was listed as the owner on the title for property located on Dale Avenue in Cleveland, Ohio.

**{¶4}** The city of Cleveland ("the City") inspected the property on January 13, 2012, and issued citations for the violation of Cleveland Codified Ordinances 369.21, 367.04, and 367.07, due to the decrepit condition of the house. On February 3, 2012, the City issued a violation notice to DBNTC and notified it that if the violations were not corrected by March 4, 2012, the house would be demolished because it posed imminent danger and peril in its present condition.

**{¶5}** On May 21, 2012, the premises was reinspected; it was discovered that the violations had not been corrected; therefore, the City demolished the house. On July 18, 2012, the City filed a complaint in the Cleveland Municipal Housing Court.

**{¶6}** On September 13, 2012, DBNTC filed a motion to dismiss the complaint because the named defendant, "Deutsche Bank," did not exist because the proper name was Deutsche Bank National Trust Company. DBNTC also argued that it was not the owner of the property because the title listed the owner as "Deutsche Bank National Trust Company as **Trustee for Long Beach Mortgage Loan Trust 2003-1**." (Emphasis sic.) DBNTC claimed that the property was an asset of the Long Beach Mortgage Loan Trust 2003-1 for which DBNTC serves as the trustee. The City opposed the motion.

**{¶7}** On November 13, 2012, the trial court denied DBNTC's motion to dismiss. The trial court found that the complaint sufficiently charged the defendant and that all other issues regarding ownership were reserved for trial.

**{¶8}** On January 17, 2013, the trial court conducted a hearing at which DBNTC's attorney was present. The parties stipulated to amend the complaint to change the

defendant's name to "Deutsche Bank National Trust Company as Trustee for Long Beach Mortgage Loan Trust 2003-1." DBNTC's attorney, informed the court that he had corporate authorization to enter into a plea on behalf of Deutsche Bank National Trust Company as Trustee for Long Beach Mortgage Loan Trust 2003-1" and changed its plea from not guilty to no contest. The court was informed that DBNTC owned many properties in the city of Cleveland, and that the subject property had been demolished by the City due to DBNTC's failure to remedy the violations. The date of the demolition was unknown; therefore, the court calculated the noncompliance dates to be from the date of the citation on March 4, 2012 until May 21, 2012, when the property was reinspected. Deutsche Bank National Trust Company as Trustee for Long Beach Mortgage Loan Trust 2003-1 agreed to refund the City the cost of the demolition. The court continued sentencing for a presentence report to be completed.

{¶9} At the sentencing hearing, the court considered the presentence report and the response filed by Deutsche Bank National Trust Company as Trustee for Long Beach Mortgage Loan Trust 2003-1. The court imposed a fine of $250,000, and five years of community control. Before imposing the sentence, the trial court concluded that DBNTC was the same entity as Deutsche Bank National Trust Company as Trustee for Long Beach Mortgage Loan Trust 2003-1 and, therefore, liable. This court granted DBNTC's motion to stay the sentence pending appeal.

**Incorrect Party**

{¶10} In its first assigned error, DBNTC argues that the trial court erred by charging and sentencing the wrong entity. DBNTC argues that although it holds title to the property, it does so as trustee for the Long Beach Trust and not in its individual capacity. The trial court found DBNTC liable in its individual capacity.

{¶11} The trial court's April 29, 2013 journal entry is confusing. In the first sentence of the judgment entry, the court states: "This matter is before the court for the sentencing of Deutsche Bank National Trust Company as Trustee for Long Beach Mortgage Loan Trust 2003-1 (the 'Offender')." However, the court later in the entry states:

> For the purpose of sentencing, both with respect to the court's consideration of the Offender's prior record in this court, and with respect to the impact and applicability of this sentencing order, the court concludes that the Offender in this matter is Deutsche Bank National Trust Company ("DBNTC").

Judgment Entry, April 29, 2013 at 2.

{¶12} We find that the court improperly found DBNTC liable in its individual capacity. The title of the property lists the owner as: "Deutsche Bank National Trust Company, as Trustee for Long Beach Mortgage Loan Trust 2003-1." In fact, given that the trial court accepted the stipulation to amend the complaint to change the defendant from DBNTC to "Deutsche Bank National Trust Company as Trustee for Long Beach Mortgage Loan Trust 2003-1," we do not understand why the court would conclude that DBNTC, which was no longer a party in its individual capacity, was guilty.

{¶13} Because the trustee is a corporation and not a person does not justify holding DBNTC individually liable. The trial court's statement that DBNTC has not proven it is a separate entity from its role as trustee of Long Beach improperly puts the burden of proof on the defendant. The state has the burden of proof when pursuing a criminal conviction. R.C. 2901.05. The City, by agreeing to change the complaint from DBNTC to that of DBNTC in its role as trustee, agreed that Deutsche Bank National Trust Company as Trustee for Long Beach Mortgage Loan Trust 2003-1 was the proper party.

{¶14} Other courts have dismissed actions against DBNTC individually when the claims related to loans or properties titled to DBNTC as trustee of a specific trust. In *Cincinnati v. Deutsche Bank Natl. Trust Co.*, 897 F.Supp.2d 633 (S.D.Ohio 2012), Cincinnati attempted to hold DBNTC liable individually and as a trustee for problems with the condition of trust properties. The court dismissed the claims against DBNTC individually because DBNTC owned the properties in its capacity as trustee of specific trusts. The court held that Cincinnati failed to allege how DBNTC was liable in its individual capacity. The court found that the claims brought against DBNTC as trustee, where DBNTC owned the properties on behalf of the trusts, were sufficiently pled and survived dismissal. *See also Briscoe v. Deutsche Bank Natl. Trust Co.*, N.D. Ill No. 08-C-1279, 2008 U.S. Dist. LEXIS 90665 (Nov. 7, 2008) (claims against DBNTC individually dismissed because DBNTC only held the mortgages as a trustee); *Yau v. Deutsche Bank Natl. Trust Co. Ams*, C.D. Cal. No SACV-00006-JVS, 2011 U.S. Dist. LEXIS 155749 (May 9, 2011) (claim dismissed because complaint failed to allege how

DBNTC was personally liable when it held mortgages as trustee); *Mayo v. GMAC Mortg., LLC*, W.D. Mo. No. 08-00568-CV-W-DGK, 2010 U.S. Dist. LEXIS 51517 (Mar. 1, 2010) (claims dismissed for failing to state how DBNTC was individually liable).

{¶15} Although the trial court distinguished the above cases on the basis that they are civil cases and not criminal cases, we do not see how that matters. Liability, whether civil or criminal, can only be imposed against the entity that owns the property. Here, the title clearly shows the property is owned by DBNTC in its capacity as a trustee.

{¶16} DBNTC further argues that it is not the proper party because it delegates the responsibility for maintaining the property to a loan servicer. The court in *Cincinnati* addressed this issue and held as follows:

> These unnamed servicers are not, to this Court's knowledge, identified in any property title documents, and these agreements do not confer property ownership on the servicers. As the trustees repeatedly contend, statutory nuisance claims are properly directed at owners, not parties with whom those owners may have contractual relationships regarding maintenance responsibilities.

*Cincinnati* at 644.

{¶17} Likewise, in the instant case, the loan servicers that Deutsche National Bank Trust Company as Trustee for Long Beach Mortgage Loan Trust 2003-1 contracted with are not the owners of the property, and, therefore, not liable for the housing code violations. Deutsche Bank National Trust Company as trustee of the property was responsible for the upkeep of the property. "A trustee has sufficient power and possession to manage the property and accomplish the objectives of the trust." *See Hill*

*v. Irons*, 160 Ohio St. 21, 27, 113 N.E.2d 243 (1953).   In *Smith v. Rees*, 52 Ohio Law

Abs. 417, 81 N.E.2d 537 (1948), the court held:

> The trustee is not an agent for whose acts a principal will respond.   Quite
> the contrary, he is the legal owner of the property and as principal he bears
> full personal responsibility for his acts in the conduct of his ownership.

{¶18} Thus, we conclude that "Deutsche Bank National Trust Company as Trustee

for Long Beach Mortgage Loan Trust 2003-1" is the party that would be liable for the

violations of the Cleveland Ordinances relating to the property.   Accordingly, DBNTC's

first assigned error is sustained in part.

{¶19} Based on our disposition of the first assigned error, DBNTC does not have

standing to pursue the remaining assigned errors.    It is well-established in Ohio that an

appeal lies only on behalf of a party aggrieved.    *State ex rel. Merrill v. Ohio Dept. of*

*Natural Resources,* 130 Ohio St.3d 30, 2011-Ohio-4612, 955 N.E.2d 935, ¶ 28; *In re*

*Guardianship of Love*, 19 Ohio St.2d 111, 113, 249 N.E.2d (1969).    Such party must be

able to show that he has a present interest in the subject matter of the litigation and that he

has been prejudiced by the judgment of the lower court. *Ohio Contract Carriers Assn.,*

*Inc. v. Pub. Util. Comm.*, 140 Ohio St. 160, 161, 42 N.E.2d 758 (1942).   The appealing

party must have an "immediate and pecuniary" interest in the dispute.   *Id.*   Because

DBNTC, individually, did not have an interest in the subject property, it is not an

"aggrieved party."   *See Trust U/W of A.J. Woltering*, 1st Dist. Hamilton No. C-970913,

1999 Ohio App. LEXIS 420   (Feb. 12, 1999) (trustee had no standing to appeal because

the court required the corporation to refund the trust, not the trustee, individually.)   In

fact, at oral argument, counsel stressed she was only there on behalf of DBNTC, not Deutsche National Bank Trust Company as trustee for Long Beach Mortgage Loan Trust 2003-1. Thus, DBNTC's second and third assigned errors are overruled as moot. App.R. 12(A)(1)(c).

{¶20} In conclusion, because the trial court imposed the sentence on the wrong party, the trial court's judgment is vacated. In so doing, we are not vacating the plea entered by Deutsche National Bank Trust Company as Trustee for Long Beach Mortgage Loan Trust 2003-1, because at the plea hearing, it was clear that was the entity entering into the plea.

{¶21} Judgment vacated and remanded for proceedings consistent with this opinion.

It is ordered that appellant recover from appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to the Cleveland Municipal Court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
PATRICIA ANN BLACKMON, JUDGE

MARY J. BOYLE, A.J., and
KATHLEEN ANN KEOUGH, J., CONCUR