[Cite as *State v. St. Anthony Church*, 2025-Ohio-164.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

CITY OF CLEVELAND,                          :

    Plaintiff-Appellee,                :

                                               No. 113501

    v.                                 :

ST. ANTHONY CHURCH,                         :

    Defendant-Appellant.               :

---

### JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** January 23, 2025

---

Cleveland Municipal Court
Housing Division
Case Nos. 2022-CRB-003944 and 2022-CRB-003945

---

### *Appearances:*

Mark Griffin, City of Cleveland Director of Law, and Michael A. Glazer, Assistant Director of Law, *for appellee.*

William J. Sheehan and Robert Kuhr, *for appellant.*

EMANUELLA D. GROVES, J.:

{¶ 1} Defendant-appellant, St. Anthony Church ("SAC"), filed the instant appeal after the housing court issued an order finding SAC in violation of community control orders and a nunc pro tunc entry correcting its prior sentencing entry. Upon review, we affirm.

## I.  Facts and Procedural History

{¶ 2} Plaintiff-appellee, the City of Cleveland ("City"), filed two complaints against SAC in May 2022.  The complaints alleged that SAC, the owner or person in control of the property located at 1310 W. 89th Street in Cleveland ("W. 89th Property"), violated Cleveland Cod.Ord. 3103.25(e) by refusing, neglecting, or failing to comply with notices of numerous exterior maintenance and permit violations generated in June 2021 by the City's Department of Building and Housing ("DBH").  The complaints specified that each day of noncompliance constituted separate first-degree misdemeanors under Cleveland Cod.Ord. 3103.99(a) and unspecified misdemeanors under Cleveland Cod.Ord. 367.99(a).

{¶ 3} A hearing was held in August 2022, and Albert Thrower ("Thrower") appeared on behalf of SAC.  The housing court instructed the City to amend the complaint so that the case was titled "City v. St. Anthony Church aka Anthony Thrower" because SAC was a fictitious name.  (Judgment Entry, 08/11/24).  The housing court continued the hearing for SAC to obtain an attorney. Counsel for SAC subsequently filed notices of appearance, SAC's not guilty pleas, and corporate authorizations executed by SAC's principal agent, Thrower.

{¶ 4} In March 2023, Thrower and counsel appeared on behalf of SAC to change its plea.  At the time of the hearing, no permits had been obtained, some exterior maintenance had been completed, and no additional cases were pending against SAC. The City amended SAC's 23 days of noncompliance in each case to five days, first-degree misdemeanors with a maximum-fine of $5,000 each, and nolled

18 days. The housing court advised SAC that it could receive a maximum fine of $25,000 and five years of community control. SAC entered no contest pleas and the City proffered evidence of the violations, SAC's ownership of the property at the time the notices were issued, and SAC's failure to abate the violations. The housing court found SAC guilty of 5 counts and nolled 18 counts in each case. The cases were continued so that a presentence-investigation report could be completed.

{¶ 5} At the June 2023 sentencing hearing, it was noted that ongoing concerns remained regarding the W. 89th property. The City further explained that "Thrower is St. Anthony's [sic] Church" and "Thrower . . . uses St. Anthony's [sic] kind of as a name to do business." (06/21/23 tr. 16.) The housing court imposed a $25,000 fine in each case, both of which were stayed provided SAC complied with the court's order, and three years of active community control. Amongst other requirements, SAC was ordered "not to gift, sell, or transfer *any of the properties owned within the City of Cleveland* while on community control without the approval of this Court. [SEE ATTACHED LIST]." (Emphasis added.) (Sentencing Entry, 06/30/23.) A list was not attached to the sentencing entry. SAC was also ordered to keep all properties owned in the City in good repair and in compliance with local codes. Following a review hearing in July 2023, the housing court issued a further order stating:

> Defendant, Defendant's officers, agents, employees, and attorneys, and all other persons in active concert or participation with Defendant, who receive actual notice of this order . . . whether acting directly or indirectly, in connection with the premises, are hereby prohibited from advertising, marketing, promoting, offering for sale, selling, conveying,

transferring, gifting, or leasing *all properties owned in the City of Cleveland* until: Defendant remedies the . . . cited code violations; complies with the conditions of community control; satisfies the assessed fines and sanctions; and/or approved by the court.

(Emphasis added.) (Prohibition Order, 07/18/23.)

{¶ 6} A community-control status hearing was held in September 2023. The housing court was informed that a vacate order was issued by the DBH and testimony was offered regarding the circumstances surrounding the order and the condition of the interior and exterior of W. 89th Property. The housing court was also informed that the property list was updated to include Thrower's properties, since he owned 9820 Cudell Avenue in Cleveland ("Cudell Property"), and previously sent information regarding that rental property to the housing court. At the hearing, SAC's counsel advised that he had not been retained regarding the Cudell Property because it was in Thrower's name. The housing court acknowledged that the Cudell Property was not included in the presentence-investigation report and responded:

> When an LLC or an individual comes in to this Court, any property that is under the LLC's name or the principal agent of the LLC, if they have property that they are renting out — because the goal of this Court is if you're on community control for [SAC], and Mr. Thrower is the principal agent, all of the properties that's owned by [SAC] and that's owned by Mr. Thrower as an agent, if its in the City . . . it comes under the jurisdiction of this Court.

(09/21/23 tr. 36.) Following the hearing, the housing court ordered all occupants to vacate the premises and further ordered SAC to allow the DBH to conduct an interior and exterior inspection of the Cudell Property. Thrower appealed the

housing court's September journal entries. *See Cleveland v. St. Anthony Church,* 8th Dist. Cuyahoga No. 113268. However, the appeal was dismissed because Thrower, a vexatious litigator, failed to demonstrate that the appeal was not an abuse of process or that reasonable grounds existed.

{¶ 7} At a November 2023 status hearing, the housing court was informed that the Cudell Property had no new violations because it was previously condemned. The housing court was further advised that Thrower sold the Cudell Property earlier that month without its permission to an out-of-State corporation. Thrower indicated that he was unaware the Cudell Property could not be sold absent permission because the property was not listed in any journal entries.

{¶ 8} Housing Court Specialist Ebony Butler ("Butler") advised that both the W. 89th and Cudell Properties were included in maintenance and repair plans from prior months. Butler further stated, "I spoke to Mr. Thrower several times in the month of September, also during the inspection at the Cudell [P]roperty. And I advised him that he must have permission from the Court to sell that property even though it was in his individual name." (11/16/23 tr. 14.)

{¶ 9} SAC's counsel also advised that he also spoke with Thrower and Thrower was aware of the no-sale order. The housing court noted that it was "pretty sure [Thrower] didn't do a certificate of disclosure" and Thrower advised that "[i]t was all done through [the purchaser's] title company." *Id*. at 10. Ultimately, the housing court found that SAC was in violation of its sentencing orders for selling the Cudell Property. SAC's counsel noted his objection to the housing court's findings.

{¶ 10} On November 22, 2023, the housing court issued a judgment entry and order regarding its finding that SAC violated community control. The housing court found that Thrower sold the Cudell Property despite being told multiple times by Butler and advised by SAC's counsel that any of his properties in the City could not be gifted, sold, or transferred without the housing court's permission. The housing court further found that Thrower had residents living in the Cudell Property and paying rent despite an open-violation notice from 2012 for condemnation with an order to vacate. Finally, the housing court found that Thrower failed to timely submit a fully executed certificate of disclosure with the seller and purchaser's information and signature as required by the City's Codified Ordinances. An unexecuted certificate of disclosure related to the Cudell Property was attached to the judgment entry. SAC was ordered to pay a $12,500 fine in each case and stayed the remaining maximum potential fine of $12,500, provided SAC complied with the housing court's orders.

{¶ 11} The housing court also issued a nunc pro tunc order to correct its June 30, 2023 sentencing entry. The order noted that due to a clerical error, the property list was not attached to the original sentencing entry and corrected the error by including a list of "properties owned/controlled by [SAC]." The W. 89th Property was the only property listed.

{¶ 12} SAC filed an appeal following the issuance of the November 22, 2023 entries, raising five unintelligible assignments of error for review.

## Assignment of Error No. 1

The trial court erred to the prejudice of alleged appellant when appellee named St. Anthony Church . . . "is not an actual or legal entity" in the caption therefore the entire proceeding must be dismissed as appellee incorrectly charged and served the wrong party[.] "If a defendant in a lawsuit is not an actual or legal entity, then any judgment rendered against that entity is void. . . . No action has been commenced pursuant to Civ.R. 3(A)." "Since the lawsuit was brought against a nonentity (St. Anthony Church), it was never properly commenced." . . . When complaint filed Thrower/Kutkut owned property not St. Anthony Church, appellee violating appellant's Ohio and United States' Constitutional Rights to due process, 5, 14 Amendment "takings clause", notice.

## Assignment of Error No. 2

The trial court erred to the prejudice of alleged appellant when trial court found per 11/22/23 j[ournal] entry appellant violated "community control status . . . November 16, 2023 . . [.] judgment entry and order" when Thrower sold a property 9820 Cudell when no "property list" was attached to 6/27/23 sentencing j[ournal] entry, Cudell was never mentioned 3/29/23 plea transcript, 5/21/23 sentencing transcript, 6/27/23 j[ournal] entry which failed to include "attached list", 7/17/23 j[ournal entry], and attempt to add 11/22/23 Cudell nunc pro tunc j[ournal] entry after property was sold 11/22/23 j[ournal entry] nunc pro tunc order is void and reversible error. Appellant avers "do not sell order" is not in Cleveland Municipal Housing Court Local Rule 2.18 [and] in violation of Art. II, Sec. 28, Art. 1, Sec. 16 Ohio Constitution and United States constitutional rights as to notice, due process, takings clause 5 [and] 14th Amendment and per *Deutsche Bank*, 2014-Ohio-1948, at ¶ 15[,] "liability, whether civil or criminal, can only be imposed against the entity that owns the property."

## Assignment of Error No. 3

Trial court erred to the prejudice of appellant when it found 11/22/23 order that appellant did not cause "defendant's representative" title company "to file fully executed certificate of disclosure" as a finding of violation of probation activating $25,000 fine when appellant sold Cudell when title company was not appellant's agent as a matter of law, appellant did sign certificate of disclosure and title company stated they

did file certificate of disclosure violating appellant's constitutional rights under Ohio and United States Constitution[s].

## Assignment of Error No. 4

Trial court erred to prejudice of appellant when it entered 7/17/23 j[ournal] entry against St. Anthony Church two weeks after sentencing j[ournal] entry 6/27/23 when trial court had lost jurisdiction purporting to add a list of property "1310-1312 W. 89th" that could not be sold, "adding punishment" not set forth in statute or Cleveland Municipal Housing Court Local Rule 2.18 [and]/or "a trial court lacks authority to reconsider its own valid, final judgment in a criminal case . . . Crim.R. 36" *State ex rel Cruzado v. Zaleski*, . . . 2006-Ohio-5795 when said property alleging "could not be sold" not included in 6/27/23 sentencing journal entry violating notice, due process clause, takings clause, double jeopardy clause of the Ohio and United States Constitution[s] and same is void, since appellant receiving a legal sentence under the law j[ournal] entry contained generally community control sanctions @ "3 . . . the offender must notify the court whenever the offender has any change in the property owned or controlled", indicating per Local Rule 2.18, Appendix 3, Pg 7 of 8, that property could be sold conflicting with trial court "do not sell W. 89" order and violating "takings clause" of Ohio Constitution and 5, 14th Amendment United States Constitution.

## Assignment of Error No. 5

Trial court erred to prejudice of appellant when it entered a nunc pro tunc order 11/22/23 allegedly adding a "property list" that could not be sold including 1310-12 w89-W89, when 3/29/23 plea transcripts, 6/27/23 sentencing journal entry, did not include W. 89th in no sale list [and] conflicts with Cleveland Municipal Housing Court Local R. 2.18 Appendix "3 . . . The offender must notify the Court whenever the offender has any change in the property owned or controlled" and no sale order is not codified in Local Rule violating Ohio and United States constitutional rights as to notice, due process, 5th [and] 14th Amendment since "any attempt by a court to disregard statutory requirements when imposing a sentence renders the attempted sentence a nullity or void[.]" *State v. Beasley*, 14 Ohio St.3d 75 . . . (1984).

## II. Law and Analysis

{¶ 13} In our review of this appeal, we emphasize that SAC's appellate briefs are incomprehensible. While we cannot make sense of SAC's arguments, we address each assignment of error to the best of our ability.

{¶ 14} As a preliminary matter, we note that in its original notice of appeal, filed December 21, 2023, SAC advised that it was appealing the July 19, 2023 and November 22, 2023 journal entries. In an amended notice of appeal filed February 9, 2024, SAC included an additional journal entry from January 18, 2024. SAC had 30 days after the July 19, 2023 final appealable order to file a notice of appeal under App.R. 4(A); therefore, the December filing is untimely. For this reason and the reasons that follow, we decline to review July journal entry. Moreover, SAC's convoluted appellate briefing does not appear to reference or contemplate the January 18, 2024 journal entry. Therefore, we decline to address it and any potential issues arising therefrom. Next, we turn to SAC's assignments of error, which we review out of order for ease of analysis.

{¶ 15} In its first and second assignments of error, SAC seemingly argues that the City filed the May 2022 complaints against the wrong party and the housing court erred in finding that SAC violated community control when the Cudell Property, owned by Thrower in his personal capacity, was sold. SAC claims that the housing court had no jurisdiction over Thrower, who was not named as a party.

{¶ 16} However, in *In re Disqualification of Scott*, 2024-Ohio-1462, ¶ 15, Chief Justice Sharon Kennedy held that Thrower was the party against whom the

complaints were filed in May 2022 and, therefore, was a party to the underlying proceedings. Chief Justice Kennedy explained that SAC was a fictitious name that Thrower used for business at the time the complaints were filed and found that there was no legal distinction between Thrower and SAC. *Id.* Accordingly, SAC's arguments are without merit.

{¶ 17} In its second assignment of error, SAC also appears to argue that the housing court erred in finding that it violated community control because the proceedings and journal entries did not provide notice that the Cudell Property could not be sold. In its fourth assignment of error, SAC seemingly argues that the housing court erred in issuing a "belated no sale order" two weeks after its sentencing.

{¶ 18} "Res judicata bars a defendant from appealing a final judgment of conviction when the defendant, who was represented by counsel, failed to raise or litigate 'any defense or claimed lack of due process that was raised or could have been raised by the defendant at the trial, . . . or on appeal from that judgment.'" *Cleveland v. Southwest Invests. LLC*, 2024-Ohio-1271, ¶ 14 (8th Dist.), quoting *State v. Szefcyk*, 77 Ohio St.3d 93, 96 (1996). In *State v. Henderson*, 2020-Ohio-4784, ¶ 17, 27, the Ohio Supreme Court explained that, so long as a sentencing court has jurisdiction over the subject matter of the case or personal jurisdiction over the accused, sentences based on an error are voidable and have the force of a valid legal judgment, regardless of whether they are right or wrong, unless they are vacated on appeal. The *Henderson* Court concluded that res judicata applies when a party fails

to directly appeal a voidable judgment and bars untimely challenges: "The failure to timely — at the earliest available opportunity — assert an error in a voidable judgment, even if that error is constitutional in nature, amounts to the forfeiture of any objection." *Id.* at ¶ 17.

{¶ 19} Our review of the record reveals that both the June 30, 2023 sentencing entry and the July 18, 2023 prohibition order included broad, sweeping directives regarding any and all of SAC's City properties: the sentencing entry prohibited the sale of "any of the properties owned within the City of Cleveland" while the prohibition order contemplated "all properties owned in the City of Cleveland." No objections were made during the hearings, and SAC failed to timely appeal those decisions. The Cudell Property was also discussed at the September hearing and inspections of the property were ordered. Again, no objections were raised during the hearing and Thrower's subsequent appeal was dismissed. Any arguments challenging the blanket effect of the housing court's community-control orders established in judgments prior to November 22, 2023, are therefore barred by res judicata. *See id.*

{¶ 20} In its fifth assignment of error, SAC seemingly argues that the housing court erred in issuing its nunc pro tunc entry because it added "punishment in the form of [a] no sale order" and conflicted with Housing Court Local Rules, Loc.R. 2.18.

{¶ 21} Crim.R. 36 provides that "[c]lerical mistakes in judgments, orders, or other parts of the record, and errors in the record arising from oversight or omission,

may be corrected by the court at any time." The November 22, 2023 nunc pro tunc order merely included the property list inadvertently excluded from the original sentencing entry. The nunc pro tunc entry was consistent with discussions regarding the W. 89th Property during the sentencing hearing. Nor did the nunc pro tunc entry modify or change the original sentencing entry's community control blanket provision prohibiting the sale of "any of the properties owned within the City of Cleveland," which SAC did not directly appeal and cannot challenge now. Accordingly, SAC's argument is erroneous.

{¶ 22} In its third assignment of error, SAC seems to argue that the trial erred in finding that its representative failed to file an executed certificate of disclosure for the Cudell Property because the title company involved in the transaction was not SAC's representative.

{¶ 23} Cleveland Cod.Ord. 367.12(a), a strict liability ordinance, provides:

> No person, agent, firm or corporation shall sell or transfer real property, or enter into a contract for the sale or transfer of real property without furnishing to the purchaser a Certificate of Disclosure addressing the condition of the property, including its current lead status for real property with rental units, which Certificate shall be in a form prescribed by the Director of Building and Housing. The Certificate of Disclosure shall include all active Notices of Violation associated with the property. No transfer shall be completed without the furnishing of the Certificate of Disclosure.

Thus, a violation of the ordinance occurs "when the seller of real property fails to furnish the purchaser with the proper certificate of disclosure," regardless of the seller's degree of culpability. *Cleveland v. Go Invest Wisely, L.L.C.*, 2011-Ohio-3410, ¶ 13 (8th Dist.).

{¶ 24} Here, SAC's community-control orders required SAC, and thus Thrower, to keep all properties in compliance with local codes. As the seller of the Cudell Property, Thrower was required to provide the purchaser with a proper certificate of disclosure. Based on the unexecuted and incomplete certificate of disclosure attached to the November 22, 2023 judgment entry, the housing court did not err in finding that SAC violated community control for its failure to comply with Cleveland Cod.Ord. 367.12(a), amongst other reasons.

{¶ 25} Accordingly, SAC's five assignments of error are overruled.

{¶ 26} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

It is ordered that a special mandate issue out of this court directing the municipal court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
EMANUELLA D. GROVES, JUDGE

KATHLEEN ANN KEOUGH, P.J., CONCURS;
MARY J. BOYLE, J., CONCURS IN JUDGMENT ONLY